SMITH MOTOR SALES, INC., Tom Benson Chevrolet, Inc. and Krueger Chevrolet, Inc., Appellants,

v.

TEXAS MOTOR VEHICLE COMMISSION, Gunn Chevrolet, Inc. and General Motors Corporation, Appellees.

No. 3–90–132–CV.

Court of Appeals of Texas, Austin.

April 24, 1991.

Rehearing Overruled June 5, 1991.

David R. Sapp, Law Offices of David R. Sapp, Austin, for appellants.

Jim Mattox, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Austin, for Texas Motor Vehicle Com'n.

Randall C. Jackson, Jr., Speiser, Krause, Madole, Mendelsohn & Mata, San Antonio, for Gunn Chevrolet, Inc.

Lloyd E. Ferguson, Strasburger, Price Ambrust & Brown, Austin, for Gen. Motors Corp.

Before CARROLL, C.J., and JONES and SMITH, JJ.

CARROLL, Chief Justice.

Several automobile dealerships opposed the licensing of a new dealership by the Texas Motor Vehicle Commission. The commission granted the license, and the dealerships sued for judicial review in the Travis County District Court, which affirmed the commission's order. We will affirm the judgment of the district court.

## BACKGROUND

In 1986, Gunn Chevrolet, Inc., applied to the Texas Motor Vehicle Commission for a license authorizing a new dealership in northeast San Antonio. *See* Texas Motor Vehicle Commission Code (the Code), Tex. Civ.Stat.Ann. art. 4413(36), § 4.01 (1976) (automobile dealers must be licensed by the commission). Three dealers in the same area, Smith Motor Sales, Inc., Tom Benson Chevrolet, Inc., and Krueger Chevrolet, Inc., (the appellants) contested the application. General Motors Corporation intervened in support of Gunn.

After a contested case hearing in March 1987, the hearing examiner prepared a proposal for decision recommending that the commission grant Gunn's application. The commission approved the application and adopted the examiner's findings of fact and conclusions of law, entering a final order on June 30, 1988. The commission did not actually issue Gunn a license, however, until Gunn had completed the construction of its dealership facility.

The appellants sued for judicial review of the commission's order in the Travis County District Court, under the substantial evidence scope of review. *See* Code § 7.01 (Supp.1991) (substantial evidence rule applies to judicial review of commission decisions); Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 19(e) (Supp.1991) (describing substantial evidence review). After the district court affirmed the commission's order, the appellants appealed to this Court. The appellants complain that: (1) the district court erroneously denied them leave to present evidence regarding Gunn's eligibility; (2) the commission's findings of fact do not comply with APTRA § 16(b); and (3) the hearing examiner erroneously admitted two exhibits.

## DISCUSSION

### A. The Additional Evidence

█ The appellants complain the district court erred in denying their request to present additional evidence to the commission regarding Gunn's eligibility. They contend Gunn was ineligible for a dealership license because it was not incorporated until after the commission entered its final order. Gunn's application identified the applicant as "Gunn Chevrolet, Inc. (currently Mission Chevrolet, Inc.)." It is undisputed that Mission Chevrolet, Inc., was a corporation at that time. However, Gunn Chevrolet, Inc., was not incorporated until September 1988, after the commission had approved Gunn's application, but before it had actually issued Gunn a license. After its incorporation, Gunn merged into Mission, and Mission's name was changed to "Gunn Chevrolet, Inc."

█ The appellants raised the issue of Gunn's eligibility for the first time in the district court, requesting a remand to the commission for the presentation of additional evidence and possible modification of the commission's order. The district court denied the request on the ground that the proffered evidence was not material. We conclude that the district court did not err in this respect.[1]

█ Where the substantial evidence rule governs review of an agency decision, a party may apply to the district court for leave to present additional evidence to the subject agency. APTRA § 19(d)(2). The district court may remand the cause for presentation of the evidence if, among other things, the evidence is "material." *Id.* Evidence is "material" if it could affect the agency's decision. *Texas Oil & Gas Corp. v. Railroad Comm'n*, 575 S.W.2d 348, 352 (Tex.Civ.App.1978, no writ). *See also Thompson v. Lee Roy Crawford Produce Co.*, 149 Tex. 357, 233 S.W.2d 295, 296 (1950) ("material" evidence is such as does or would affect the determination of the case).

Relying on definitions in the Code, the appellants insist the district court erred because the additional evidence would have affected the commission's decision. The Code defines "dealer" as "any *person* engaged in the business of buying, selling or exchanging new motor vehicles at an established and permanent place of business pursuant to a franchise in effect with a manufacturer or distributor." Code § 1.03(4) (emphasis added). A "person" is "every natural person, partnership, corporation, association, trust, estate, or any other legal entity." Code § 1.03(3). The appellants argue that, because a "dealer" is a "person," an applicant to become a "dealer" must be a "person." The appellants assert that Gunn was not a "person," and so was ineligible to be an applicant, because Gunn was not incorporated when it applied to the commission.

We are not convinced that applicants must be "persons." There is no authority for such a requirement, nor a reason to impose one on applicants, who are not even "engaged in the business" of selling automobiles. Even if applicants must be "persons," however, the proffered evidence fails to establish that the applicant in this case was not a "person." The application's description of the applicant reveals that Gunn was just another, future name for Mission, which was an existing corporation at the time and thus a "person." Under these circumstances, the proffered evidence could not have affected the commission's decision. Therefore, the district court did not abuse its discretion in denying the request for remand.

### B. The Commission's Findings of Fact

The appellants complain about the form of the commission's fact findings. APTRA § 16(b) requires agencies to include findings of fact (ultimate findings) and conclu-

---

1. We review the district court's decision on the requested remand under the abuse of discretion test. *Buttes Resources Co. v. Railroad Comm'n*, 732 S.W.2d 675, 680 (Tex.App.1987, writ ref'd n.r.e.); *San Diego Indep. School Dist. v. Central Educ. Agency*, 704 S.W.2d 912, 914 (Tex.App. 1986, writ ref'd n.r.e.). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

sions of law in their final decisions. If the ultimate findings are set forth in statutory language, they must be "accompanied by" a concise and explicit statement of the underlying facts which support the ultimate findings (underlying findings). *Id.*

1. Criteria and Findings

We begin with the statutory criteria, the ultimate findings, and the underlying findings in this cause. The commission may deny a contested license application if the applicant fails to establish "good cause." Code § 4.06(c). In determining whether the applicant has established "good cause," the commission must consider: (1) whether the manufacturer or distributor is adequately represented as to sales and service; (2) whether the protesting dealers are in substantial compliance with their franchise agreements; (3) the desirability of a competitive marketplace; (4) any harm to the protesting dealer(s); and (5) the public interest. *Id.*

In this case, the commission made five ultimate findings: (1) the Chevrolet line of automobiles is currently represented in the particular market by several dealers, including the appellants; (2) General Motors is not adequately represented in the market area in the sale of its Chevrolet automobiles; (3) the appellants are in compliance with their franchise agreements; (4) granting the license to Gunn will result in increased competition for Chevrolet automobiles in the marketplace; and (5) good cause has not been shown why issuance of the license to Gunn is not in the public interest.

The ultimate findings are preceded by a section, entitled "Findings of Fact," composed of thirty-one numbered paragraphs. Each numbered paragraph is comprised of underlying findings, and many of the paragraphs contain several related findings. The appellants contend the statement of underlying findings is not sufficient and that the underlying findings do not "accompany" the ultimate findings.

2. The Sufficiency of the Underlying Findings

■ As to sufficiency, the appellants argue that the underlying findings are: (1) conclusory, multifarious, equivocal, speculative, and inconsistent; (2) mere recitals or summations of testimony and evidence which bear no apparent relation to the ultimate conclusions set forth in the proposal for decision; (3) expressed in undefined words and phrases (such as "almost," "favorable," and "closely parallels"); and (4) not supported by references to the record. We disagree.

A statement of underlying findings is sufficient if it serves the purposes behind the requirement that the findings be made. *Goeke v. Houston Lighting & Power Co.,* 797 S.W.2d 12, 15 (Tex.1990). "[The findings] should inform the parties and the courts of the basis for the agency's decision so that the parties may intelligently prepare an appeal and so that the courts may properly exercise their function of review." *Id. See also Texas Health Facilities Comm'n v. Charter Medical—Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984) (quoting *Miller v. Railroad Comm'n,* 363 S.W.2d 244, 245–46 (Tex.1962)).

We have evaluated the commission's findings under this standard and believe they are clear and comprehensive, and sufficient to support the commission's conclusions on the ultimate findings. We hold, therefore, that the statement of underlying findings satisfies the requirements of § 16(b) of APTRA. This point is overruled.

3. The "Accompany" Requirement

■ The appellants further complain that the underlying findings do not "accompany" the ultimate findings, in contravention of APTRA § 16(b). The appellants apparently argue that, to satisfy the "accompany" requirement, the commission must indicate which underlying findings support each ultimate finding. Again, we disagree. There is no authority for the interpretation of § 16(b) that appellants champion, and no reason for adopting it. The issue is not whether the agency did in fact infer each ultimate finding from a particular underlying finding or set of underlying findings, but whether the agency might reasonably have done so. *Charter Medical,* 665 S.W.2d at 451 (findings are sufficient when the reviewing court can

fairly and reasonably say that the underlying or basic facts support the agency's conclusion on the ultimate or statutory criteria). This point is overruled.

## C. Objections to Evidence

Next, the appellants complain that the hearing examiner improperly admitted two of General Motors' exhibits: a market analysis and an updated dealer network survey. As a result, the appellants assert, the commission's order is based on unlawful procedure, is not supported by substantial evidence, and denied the appellants due process of law. They further contend that the testimony of two of General Motors' expert witnesses is inadmissible. Because we conclude that the exhibits were properly admitted, we will not reach appellants' substantive contentions.

### 1. The Market Analysis

The appellants complain about the admission of the market analysis on the grounds that: (1) it is hearsay because it incorporates census and vehicle registration data; and (2) General Motors did not produce it in response to discovery requests. The appellants objected to admission of the market analysis. We conclude that their objection was insufficient to preserve error.

■ Administrative proceedings are subject to certain rules of procedure, and to the rules of civil evidence. *See* APTRA §§ 14(a) (rules of evidence) & 20 (civil appellate rules). The rules of appellate procedure require a party to make a timely request, objection, or motion to preserve a complaint for appellate review. Tex.R. App.P.Ann. 52(a) (Pamph.1990). Under the rules of evidence, a party may not challenge the admission of an exhibit on appeal unless he made a timely objection or motion to strike the evidence, stating the specific ground of objection, if the specific ground is not apparent from the context. Tex.R.Civ.Evid.Ann. 103(a) (Pamph.1990). An objection must identify the offending part of the proffered evidence and the rule that the court will violate if it admits the evidence. *See United Cab Co. v. Mason*, 775 S.W.2d 783, 785 (Tex.App.1989, writ den.).

■ In this case, the appellants objected to the admission of the market analysis as follows:

Well, I object to its introduction into evidence. The reason is that the witness has done nothing to identify, in general, what the book is. He has not identified the various documents in the book. He has not identified the source of the data used to compile the documents in the book, and, furthermore, the underlying data for that support. The documents in the book are not present for cross-examination and study by counsel and experts opposing the introduction of the document.

The hearing officer reserved a ruling on the admissibility of the exhibit. Later, when the hearing officer reconsidered admission of the market analysis, the appellants objected as follows:

Well, I will renew my objection on the basis that I objected to it originally. It is hearsay and not supported by any underlying data that has been presented here to support it. On that basis, I object to its introduction into evidence.

The hearing officer overruled the objection and admitted the exhibit without further comment.

The objection is not sufficient to preserve appellants' hearsay complaint. It focuses on the availability of underlying data, which is irrelevant to whether the exhibit is hearsay. Although the appellants used the term "hearsay," that use, without explicit application to this exhibit, did not preserve error. In addition, the hearsay objection is buried in a rambling series of objections for which there is no stated legal basis. Finally, the objection, which never touches on discovery, is not sufficient to preserve the complaint of failure to produce. This point is overruled.

### 2. The Updated Dealer Network Survey

■ Next, the appellants complain about the admission of an updated dealer network survey. General Motors produced the original survey, which was conducted in 1984, in response to discovery requests. General Motors did not produce the updat-

ed survey until the opening day of the hearing. The appellants contend that General Motors should have provided the updated materials to them earlier, in compliance with the duty to supplement discovery. *See* Tex.R.Civ.P.Ann. 166b(6) (Supp.1991). They also seem to complain that the updated survey is hearsay, and that General Motors was obligated to introduce the data underlying the survey and the original survey.

We conclude that, even if the commission erred in admitting the updated survey into evidence, such error is harmless. We may not reverse a judgment unless the alleged error was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P.Ann. 81(b)(1) (Pamph.1990). The appellants themselves introduced the original version of General Motors' survey into evidence long before General Motors offered the updated survey. The appellants' own expert testified that the updated survey did not differ much from the original. Thus, the updated survey did not materially supplement the information already in evidence. Accordingly, the commission's error in admitting the updated survey, if any, was harmless. *See Shenandoah Assoc. v. J & K Properties, Inc.*, 741 S.W.2d 470, 494 (Tex.App.1987, writ den.) (admission of testimony was not reversible error where other evidence supported findings). This point is overruled.

## CONCLUSION

We conclude that all of the appellants' points of error are without merit. Accordingly, we affirm the judgment of the district court affirming the judgment of the commission.