TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00300-CV







Marvin A. Dierschke and Janis L. Dierschke, Appellants



v.



First National Bank of West Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
, 
CV92-1383-B, HONORABLE DICK ALCALA, JUDGE PRESIDING






PER CURIAM


 Appellants Marvin A. Dierschke and Janis L. Dierschke challenge a judgment
rendered in favor of appellee First National Bank of West Texas ("First National"), formerly the
Central National Branch of First National Bank at Lubbock. We will affirm the trial court's
judgment.

 The Dierschkes signed three promissory notes in favor of Central National Bank
of San Angelo. On December 16, 1985, Marvin Dierschke signed a note for $886,536.21; on
March 23, 1987, he signed a note for $80,000.00; and, on November 20, 1989, Marvin and Janis
Dierschke signed a renewal note for $780,000.00, the proceeds of which were credited against
the first note. (1)


 Central National Bank of San Angelo was declared insolvent by the Comptroller
of the Currency, taken over by the Federal Deposit Insurance Corporation ("FDIC") as receiver,
and then sold to the First National Bank at Lubbock. First National Bank of Lubbock later
changed its name to First National Bank of West Texas. First National, claiming to be the holder
and owner of the Dierschkes' notes, brought suit after they defaulted.

 Points of error one and two are argued together. Although the Dierschkes
denominate them as "no-evidence" points, they complain of the admission of particular testimony. 
We will evaluate the complaints regarding admission of evidence under the abuse of discretion
standard against which evidentiary decisions are measured. (2) City of Brownsville v. Alvarado, 38
Tex. Sup. Ct. J. 440, 442 (April 1, 1995); Steenbergen v. Ford Motor Co., 814 S.W.2d 755, 760
(Tex. App.--Dallas 1991, writ denied). The admission and exclusion of evidence is committed to
the trial court's sound discretion. City of Brownsville, 38 Tex. Sup. Ct. J. at 442. The trial
court's determination will not be overturned absent an abuse of discretion. Steenbergen, 814
S.W.2d at 760. A trial court abuses its discretion when it acts without regard for any guiding
rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).

 Dan Dickerson, an employee of First National Bank of West Texas, testified
regarding the transactions between the banks and the status of the Dierschkes' account. The
Dierschkes complain that the trial court erred in overruling three objections to Dickerson's
testimony.

 The Dierschkes first objected on the basis of hearsay to Dickerson's testimony that
the First National Bank of Lubbock purchased substantially all of the assets of the failed bank,
including the Dierschkes' note. Dickerson testified that he had been employed by the banks,
through their various metamorphoses, for eleven years, and was familiar with the Dierschkes'
account. He had been involved in negotiating the renewal note and was the trustee in two
foreclosures of land that the Dierschkes had pledged to secure the renewal note. A person may
testify regarding facts that he gained during his employment without violating the hearsay rule. 
Waite v. BancTexas-Houston, N.A., 792 S.W.2d 538, 540 (Tex. App.--Houston [1st Dist.] 1990,
no writ) (vice-president of bank able to testify regarding facts he learned from written records and
conversations with employees).

 The Dierschkes also objected to this testimony on the basis of the best evidence
rule. Oral testimony as to the fact of the assumption, as distinguished from the content of the
purchase and assumption agreement, is admissible if the witness has personal knowledge of the
fact that the note was assumed. See Villiers v. Republic Fin. Servs., Inc., 602 S.W.2d 566, 569
(Tex. Civ. App.--Texarkana 1980, writ ref'd n.r.e.) (assistant vice-president of bank could testify
that insurance companies had authorized bank to act as their billing and collecting agent). Since
Dickerson established the basis for his familiarity with the transactions involving the banks, and
with the Dierschkes' account, his testimony is admissible on those subjects.

 The Dierschkes next protest the admission of the following testimony:



Bank: Dan, is the First National Bank of West Texas the owner and holder
of the notes?


Dickerson: Yes, they are.


Bank: Sole party with the power to enforce payment of the same?


Dierschkes: Same objection, Your Honor, of course, they're non-assignable.



The Dierschkes did not object to the testimony that the Bank was the owner and holder of the
notes and so waived any error to the admission of that statement. Tex. R. App. P 52(a); Beall
v. Ditmore, 867 S.W.2d 791, 794 (Tex. App.--El Paso 1994, writ denied) (timely objection must
be raised as soon as practicable). The Dierschkes did object to the testimony that First National
was the sole party with the power to enforce payment of the notes but the basis of their objection
was not clear. The Dierschkes claim on appeal that the words "same objection" refer to a
previous objection on the basis of hearsay and the best evidence rule. However, that objection
had been made before a break in the proceeding. The words "same objection" may refer back to
the Dierschkes' running "objection" that "the note is non-negotiable and non-assignable and the
interest has been improperly computed."

 A valid objection must state clearly and specifically the ground on which it is based
at the time the question is asked or the evidence offered, unless the specific ground is apparent
from the context. Tex. R. Civ. Evid. 103(a)(1); Tex. R. App. P. 52(a); Smith Motor Sales, Inc.
v. Texas Motor Vehicle Comm'n, 809 S.W.2d 268, 272 (Tex. App.--Austin 1991, writ denied);
Insurance Co. of Am. v. Royer, 547 S.W.2d 350, 353 (Tex. Civ. App.--Austin 1977, writ ref'd
n.r.e.). The Dierschkes did not state the specific ground for their objection, nor is it apparent
from the context in which it was offered. Therefore, the Dierschkes' objection was not
sufficiently clear to preserve error. See Smith Motor Sales, Inc., 809 S.W.2d at 268; Insurance
Co. of Am., 547 S.W.2d at 353.

 The Dierschkes complain on the basis of hearsay of Dickerson's testimony that the
purchase and assumption agreement under which the First National Bank at Lubbock obtained the
assets of the failed bank from the FDIC was duly recorded in the deed records of Tom Green
County. Dickerson explained that he was testifying from personal knowledge because he had
"come across" the recordation before. Since Dickerson's testimony was based on personal
knowledge and he was subject to cross-examination, his statement is not hearsay. Bell v. Ott, 606
S.W.2d 942, 953 (Tex. Civ. App.--Waco 1980, writ ref'd n.r.e.).

 The Dierschkes further argue that the following awkwardly-worded exchange
between First National and its attorney regarding conditions precedent to recovery admits an
impediment to the recovery of a money judgment:


 

Bank: Have all -- has all conditions precedent been performed or have
occurred that would prohibit [First National] from recovering a
money judgment against [the Dierschkes]?


Dickerson: Yes.



 The Dierschkes do not suggest what the conditions precedent might be; they simply
state that the exchange establishes that such conditions exist. We disagree. The phrase "that
would prohibit the bank from recovering a money judgment" describes "conditions precedent,"
not acts that were performed. The contextual purpose of the question is to establish that any acts
that must have been performed or conditions that must have occurred before First National could
recover were performed or had occurred. Having found no abuse of discretion in the properly
preserved complaints, we overrule points of error one and two.

 Point of error three complains that the trial court erred by not granting a new trial
in order to receive additional evidence to use in reforming the judgment. After trial, but before
judgment was rendered, the trial court issued preliminary findings and conclusions favorable to
First National and informed the parties that it would consider reopening the trial for the limited
purpose of ascertaining the interest due. In reply, First National informed the trial court by letter
that it had elected to waive all interest "from date thereof to date of trial" on notes one and two. 
The letter included calculations showing the principal and the offsets against principal for amounts
already collected from prior foreclosure sales. Judgment was rendered in accordance with the
calculations.

 The Dierschkes did not object to the calculations before rendition of judgment. 
However, the Dierschkes complained in a motion for new trial that the principal should have been
offset by the amount of prior interest payments. The Dierschkes attached three checks that
purportedly had been remitted to First National as payments of interest on notes one and two. 
First National stated in its response to the motion for new trial that it had intended to waive only
accrued unpaid interest; it also disputed that two of the proffered checks were payments of interest
on the notes sued upon.

 The trial court's decision whether to grant a new trial is discretionary and the
court's ruling will not be disturbed on appeal absent a showing of an abuse of that discretion. 
Superior Packing Inc., v. Worldwide Leasing & Fin., Inc., 880 S.W.2d 67, 71 (Tex.
App.--Houston [14th Dist.] 1994, writ denied). On appellate review, every reasonable
presumption will be made in favor of a trial court's refusal to order a new trial. Jackson v. Van
Winkle, 660 S.W.2d 807, 810 (Tex. 1983).

 In this case, First National's statement of its intent to waive only accrued unpaid
interest is supported by its calculations. Also, at trial, the only issue litigated was the amount due
on notes one and two since 1988. The single interest payment that First National concedes related
to these notes was dated December 30, 1987, and was in payment of interest accrued on note one
to that point. The trial court considered the motion for a new trial and the response and
specifically concluded that the amounts it rendered judgment upon were proper in consideration
of First National's waiver of the accrued interest. Because this is a reasonable interpretation, we
conclude that the trial court did not abuse its discretion by not granting the motion for new trial.

 The Dierschkes also challenge the finding of fact and conclusions of law that the
amount awarded was proper in light of First National's waiver of accrued interest. Although this
challenge is improperly combined with the point of error complaining of the failure to grant a new
trial, we will liberally (3) interpret this as a challenge to the sufficiency of the evidence to support
the findings of fact. The trial court's findings of fact are reviewable for factual sufficiency of the
evidence by the same standards as applied in reviewing the factual sufficiency of the evidence
supporting jury findings. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 
When reviewing a jury verdict to determine the factual sufficiency of the evidence, we consider
and weigh all the evidence and should set aside the judgment only if the evidence is so weak as
to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In
re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co., 715
S.W.2d 629 (Tex. 1986); Federal Deposit Ins. Corp. v. Golden Imports, Inc., 859 S.W.2d 635,
640 (Tex. App.--Houston [1st Dist. 1993, no writ). See generally William Powers, Jr. & Jack
Ratliff, Another Look at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515 (1991).

 In this case, the notes themselves were admitted into evidence, as were calculations
showing credits for amounts received in prior foreclosures. No other evidence regarding the
amount due on the notes was admitted, nor was the amount of the note or credits challenged. We
conclude that the evidence supporting the challenged findings of fact and conclusions of law is not
so weak as to be clearly wrong and manifestly unjust. We overrule point of error three.

 The judgment of the trial court is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 31, 1995

Do Not Publish

1.   At the time the renewal note was signed, the proceeds were credited first against
accrued interest on note one, then against principal. After trial, First National waived
interest, and so credited the amount of the renewal note directly against the principal of
note one.
2.   Any error that was not briefed under the broad points of error is waived. See
Martin v. Cohen, 804 S.W.2d 201, 202 (Tex. App.--Houston [14th Dist.] 1991, no writ) (mere
statement that court erred does not preserve error since appellant presented no argument or
authority). 
3.   Briefs are liberally construed to adjudicate fairly and equitably the rights of the
litigants. Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990); Sterner v. Marathon Oil
Co., 767 S.W.2d 686, 690 (Tex. 1989).