HARRIS COUNTY 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00186-CV







Harris County, Appellant



v.



Texas Natural Resource and Conservation Commission


and American Envirotech, Inc., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 93-10223, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING






 In May 1993, the Texas Water Commission (1) issued two permits to American
Envirotech, Inc. ("AEI") authorizing the company to construct and operate a commercial
hazardous waste management facility in Harris County, Texas. Upon judicial review, the district
court affirmed the issuance of the permits to AEI and denied Harris County's motion to remand. 
Appellant Harris County appeals this judgment. We will affirm the judgment of the district court.



BACKGROUND


 AEI applied for permits to construct and operate a facility that would incinerate
hazardous waste in Harris County. AEI's applications for the permits were opposed by several
different groups, including appellant. Throughout the course of these hearings, the Commission
heard evidence regarding the proposed site, the environmental specifications, as well as several
other matters. Specifically, the Commission examined the financial status or "assurance" of AEI. 
At the time, AEI was considering a merger with Ogden Acquisition Company. During the
hearings, the Commission decided that it would be best for the proposed merger to be completed
before the permits were issued. AEI did become a subsidiary of Ogden Projects, Inc., and the
permits were then granted in May 1993.

 Appellant subsequently appealed to the district court to remand the cause to the
Commission for additional investigation. Although it does have the power to remand the cause
to the agency to hear additional evidence, the district court declined to do so.



 DISCUSSION 


 Appellant's first point of error complains that the district court erred in denying its
request to present additional evidence to the Commission regarding the financial status of AEI. 
Appellant contends that AEI is no longer eligible for the permits because it lacks the necessary
financial assurance and that appellant should be permitted to present evidence to the Commission
concerning two lawsuits that have been filed against AEI by former shareholders and the former
president of the company. By introducing these lawsuits to the Commission, appellant would
show that AEI does not possess the necessary financial resources, required by section 361.085(a)
of the Texas Health & Safety Code. See Tex. Health & Safety Code Ann. § 361.085(a) (West
Supp. 1996).

 Appellant raised the issue of AEI's financial assurances for the first time in the
district court. Appellant, in fact, failed to address this issue in its joint motion to reopen
previously filed with the Commission. Under substantial evidence review, a district court reviews
an agency's decision by examining the record compiled before the agency itself. North Alamo
Water Supply Corp. v. Texas Dep't of Health, 839 S.W.2d 448, 452 (Tex. App.--Austin 1992, writ
denied). The district court "does not substitute its judgment for that of the agency." Texas Oil
& Gas Corp. v. Railroad Comm'n, 575 S.W.2d 348, 351 (Tex. Civ. App.--Austin 1978, no writ).

 In some instances, a party may request that the district court remand the cause so
that the agency can hear additional evidence. Tex. Gov't Code Ann. § 2001.175 (West Supp.
1996). Before the cause is remanded, however, the court must be satisfied that (1) the additional
evidence is material, and (2) there were good reasons for the failure to present the evidence in the
proceedings before the agency. Id.; Smith Motor Sales, Inc. v. Texas Motor Vehicle Comm'n, 809
S.W.2d 268, 270 (Tex. App.--Austin 1991, writ denied); Buttes Resources Co. v. Railroad
Comm'n, 732 S.W.2d 675, 680 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). 
Evidence is "material" if it could affect the agency's decision. Smith Motor Sales, 809 S.W.2d
at 270; Texas Oil & Gas Corp., 575 S.W.2d at 352.

 Appellant contends that its additional evidence was material and there were good
reasons for the failure to present it in the agency proceedings. Appellant argues that the permits
were issued to AEI in May 1993, and the lawsuits were not filed until December 1993 and early
1994. Because the lawsuits against AEI were not filed until after the agency's hearings were
completed, they could not possibly have been brought up at the Commission's hearings on
whether to grant the permits to AEI.

 The decision of the district court to grant or deny a motion to remand is reviewed
under an abuse of discretion standard. Buttes Resources, 732 S.W.2d at 680. Under that
standard, an appellate court cannot substitute its own judgment for that of the trial court. Rather,
it must determine if the trial court's decision was arbitrary or unreasonable. Pratt v. Texas Dep't
of Human Resources, 614 S.W.2d 490, 494 (Tex. Civ. App.--Amarillo 1981, writ ref'd n.r.e.).

 In this case, the Commission adequately considered AEI's financial resources at
the time it issued the permits. During the permit hearings, a witness described the type of
relationship Ogden and AEI would have after the merger and also testified that AEI was
conducting sound business operations before Ogden became involved. According to the
Commission, "AEI has demonstrated it possesses sufficient resources and/or ability to generate
the financial resources necessary to construct, safely operate, and ultimately close the proposed
site in accordance with all applicable state and federal requirements." The Commission can only
realistically look at an applicant's present situation at the time of the hearing. Because the
Commission adequately considered evidence regarding AEI's financial situation at the time it
issued the permits, we find the trial court did not abuse its discretion in upholding the
Commission's decision to grant the permits. Mere speculation as to financial circumstances that
might arise in the future is not material evidence and thus does not justify a remand.

 The Commission is worried about AEI's financial assurances because of several
lawsuits involving AEI which developed only months after the permits had been granted. In
regards to financial matters, the Commission is concerned both about AEI's and Ogden's
commitment to the project and the financial security behind the venture. Consequently, the
Commission now fears that AEI might not have sufficient financial resources for construction,
operation, maintenance, and closure of the proposed facility. 

 However, the Commission has safeguards in place which allow for continuing
supervision and control by the agency regarding matters dealing with financial assurance. For
example, the Commission has the power under the Texas Administrative Code to revoke a permit
for good cause, including but not limited to circumstances where the permit or the operations have
been abandoned. See 30 Tex. Admin. Code § 305.66 (West 1995). This statute has a broad
definition of good cause, which would allow the Commission to revoke a permit if it determined
that AEI had misrepresented their financial situation during the hearing process. See id. 
Moreover, the Commission must also approve the transfer of a permit, especially in the context
of hazardous waste, in situations in which changes in ownership or operational control of the
facility occur. 30 Tex. Admin. Code § 305.64 (a), (g) (West 1995). Such procedures provide
a built-in safety net when financial circumstances change after a permit is issued. Therefore, we
overrule appellant's first point of error.

 In its second point of error, appellant argues that the district court erred in
affirming the Commission because of certain procedural irregularities and that the cause should
be remanded to the Commission. First, appellant alleges that there was false and misleading
testimony at the hearings regarding Ogden's intent to finance and construct the facility. In spite
of this allegation, testimony in the record shows that Ogden might not go forward with the project
under certain circumstances. In fact, Kay Crouch, the president of AEI, testified that if the permit
was issued, no one, including Ogden, was obligated to go forward with the proposed facility.

 Next, appellant argues that there were two improper ex parte communications. (2) 
The second communication consists of a letter dated September 11, 1992 from AEI's attorney,
Leonard Dougal, to David Duncan of the Texas Air Control Board. The hearings examiner
received a copy of the letter as did all parties of record. The letter seemed to be an attempt to
correct and clear up miscalculations in the testimony of Texas Air Control Board's permit
engineer Mr. John Gott.

 According to appellant, this letter constitutes an ex parte communication under
section 361.0831 of the Texas Health & Safety Code. The statute declares that "a party to a
hearing conducted by a commission may not attempt to influence the findings of fact or the
application of rules by a Hearings Examiner of their commission, except by proper evidence,
pleadings, and legal argument with notice and opportunity for all parties to participate." Tex.
Health & Safety Code Ann. § 361.0831(b) (West Supp. 1995). "If a prohibited contact is made,
the hearings examiner shall notify all parties with a summary of the contact and notice of their
opportunity to participate and shall give all parties an opportunity to respond." Tex. Health &
Safety Code Ann. § 361.0831(c) (West Supp. 1995).

 In this case, AEI's communication was received by all the parties involved as well
as by the Texas Air Control Board. The last paragraph of the letter read: "In accord with ex-parte
concerns, a copy of this letter and attachments is being sent to the Hearings Examiner and all
parties of record in this matter." Since all the parties had notice of the communication, it can
hardly be considered to be an ex parte communication.

 Even if the letter could be construed to be an ex parte communication, all the other
parties had an opportunity to respond. In fact, Fred Bosse, a Texas State Representative, did
respond to the letter. Further, the contested proceedings regarding the issuance of permits to AEI
were reopened twice after the September 11, 1992 letter and before the permits were issued in
May 1993. (3) So, even assuming AEI's communication was ex parte, the reopening of the
proceedings gave the parties two further opportunities to correct the damage, if any, that the
letters might have done. Accordingly, we overrule appellant's second point of error.

 In its third and fourth points of error, appellant claims that the district court erred
in affirming the Commission's decision regarding the Coastal Water Authority ("CWA") pipeline
and air issues. Appellant contends that the findings and conclusions made by the Commission in
these two areas are not supported by substantial evidence.

 In City of League City v. Texas Water Commission, 777 S.W.2d 802 (Tex.
App.--Austin 1989, no writ), this Court summarized the standards governing review of an
administrative order under the substantial-evidence rule:


 

1. The findings, inferences, conclusions, and decisions of an agency are
presumed to be supported by substantial evidence, and the burden is on the
party contesting the order to prove otherwise;


2. In applying the substantial evidence test, the reviewing court is prohibited from
substituting its judgment for that of the agency as to the weight of the evidence
of questions committed to agency discretion;


3. Substantial evidence is more than a scintilla, but the evidence in the record
may preponderate against the decision of the agency and nonetheless amount
to substantial evidence;


4. The true test is not whether the agency reached the correct conclusion, but
whether some reasonable basis exists in the record for the action taken by the
agency; and


5. The agency's action will be sustained if the evidence is such that reasonable
minds could have reached the conclusion that the agency must have reached in
order to justify its action.



Id. at 805 (citing Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d
446, 452-53 (Tex. 1984)).

 Appellant's third point of error claims that the findings and the conclusions relating
to the CWA pipeline are not supported by substantial evidence and that the district court erred in
affirming the Commission regarding the CWA pipeline. Appellant contends that the CWA
pipeline is a "surface water body" and that therefore the Commission is statutorily prohibited from
issuing the permits to AEI's proposed facility. See Tex. Health & Safety Code Ann. § 361.102
(West 1995) (requiring that new commercial hazardous waste management facility must be more
than one-half mile from surface water body). The Commission found, however, that the CWA
pipeline did not constitute a "surface water body" under section 361.102 of the Texas Health &
Safety Code. According to the Commission, the CWA pipeline is "a pressurized underground
pipeline constructed out of concrete and steel" and is not "a surface water body used for public
drinking water supply." Testimony at the hearings supported the idea that the CWA pipeline is
part of the system moving water from the Trinity River into the City of Houston water treatment
center rather than a surface water body.

 Furthermore, regarding appellant's argument that the proposed facility will have
adverse effects on the CWA pipeline, the Commission noted that the pipeline operates at a positive
internal pressure of 40 to 60 pounds per square inch. Because of this internal pipeline pressure,
external fluids will not be able to leak into the pipeline during its operation and the proposed
facility will have no negative effects on the pipeline. Further, the Commission found that the
proposed AEI facility would have no adverse effect on the quality of the water located in the
pipeline because of the relationship between the pipeline's design and construction and the design
and proposed construction of the AEI facility. Neither the trial court nor this Court is permitted
to substitute its judgment or draw its own conclusions from the evidence. Imperial Am. Resources
Fund, Inc. v. Railroad Comm'n, 557 S.W.2d 280, 286 (Tex. 1977). As a result, the third point
of error is overruled.

 Appellant's fourth point of error argues that the Commission wrongly issued the
permits because of its incorrect conclusions regarding air issues and that the trial court therefore
erred in affirming the Commission in regards to those issues. However, substantial evidence
exists to uphold the Commission's decision. Harris County claims that AEI's proposed site will
be unable to meet the requirement that emissions of CO and NOx from the facility not exceed 250
tons per year; unless the emissions stay below that required level, AEI would have to obtain a
Prevention of Significant Deterioration permit. See 42 U.S.C.A. §§ 7470-7479 (West 1995)
(outlining limits and conditions for major new sources of air pollutants). At the hearing on AEI's
permits, however, there was testimony and related calculations from an expert witness that the
appropriate levels would not be exceeded, thus supporting the Commission's finding.

 Harris County also claims that AEI's facility would not be using the best available
control technology, as mandated by Texas law, and thus would not be able to meet the required
and/or acceptable levels of particulate matter, destruction and removal efficiency, and mercury. 
See 30 Tex. Admin. Code § 335.367(a)(1) (West 1995). These matters were discussed thoroughly
at the hearings conducted regarding the issuance of AEI's permit. For example, John Gott, a
permit engineer for the Texas Air Control Board, testified that the incinerators proposed by AEI
would be able to meet the 99.99% destruction and removal efficiency and that 99.99% is the
current level being produced by the best available control technology. Thus, in the area of air
issues, there is a reasonable basis in the record for the Commission to have granted AEI a permit;
Harris County has not met its necessary burden by showing otherwise. City of League City, 777
S.W.2d at 805. Because substantial evidence supports the Commission's decision, appellant's
fourth point of error is overruled.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of the
trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: March 20, 1996

Do Not Publish

1.   The Texas Water Commission has since merged with the Texas Air Control Board
to become the Texas Natural Resource Conservation Commission. For convenience, we
will refer to the agency in question as the Commission.
2.   During oral argument, appellant conceded that there was no merit to the argument
concerning the first ex parte communication. Thus, we do not address it in this opinion.
3.   The hearings were reopened on December 14, 1992 and again on February 23, 1993.


 supported the idea that the CWA pipeline is
part of the system moving water from the Trinity River into the City of Houston water treatment
center rather than a surface water body.

 Furthermore, regarding appellant's argument that the proposed facility will have
adverse effects on the CWA pipeline, the Commission noted that the pipeline operates at a positive
internal pressure of 40 to 60 pounds per square inch. Because of this internal pipeline pressure,
external fluids will not be able to leak into the pipeline during its operation and the proposed
facility will have no negative effects on the pipeline. Further, the Commission found that the
proposed AEI facility would have no adverse effect on the quality of the water located in the
pipeline because of the relationship between the pipeline's design and construction and the design
and proposed construction of the AEI facility. Neither the trial court nor this Court is permitted
to substitute its judgment or draw its own conclusions from the evidence. Imperial Am. Resources
Fund, Inc. v. Railroad Comm'n, 557 S.W.2d 280, 286 (Tex. 1977). As a result, the third point
of error is overruled.

 Appellant's fourth point of error argues that the Commission wrongly issued the
permits because of its incorrect conclusions regarding air issues and that the trial court therefore
erred in affirming the Commission in regards to those issues. However, substantial evidence
exists to uphold the Commission's decision. Harris County claims that AEI's proposed site will
be unable to meet the requirement that emissions of CO and NOx from the facility not exceed 250
tons per year; unless the emissions stay below that required level, AEI would have to obtain a
Prevention of Significant Deterioration permit. See 42 U.S.C.A. §§ 7470-7479 (West 1995)
(outlining limits and conditions for major new sources of air pollutants). At the hearing on AEI's
permits, however, there was testimony and related calculations from an expert witness that the
appropriate levels would not be exceeded, thus supporting the Commission's finding.

 Harris County also claims that AEI's facility would not be using the best available
control technology, as mandated by Texas law, and thus would not be able to meet the required
and/or acceptable levels of particulate matter, destruction and removal efficiency, and mercury. 
See 30 Tex. Admin. Code § 335.367(a)(1) (West 1995). These matters were discussed thoroughly
at the hearings conducted regarding the issuance of AEI's permit. For example, John Gott, a
permit engineer for the Texas Air Control Board, testif