# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00365-CV

### Texas State Securities Board and Denise Voigt Crawford, Appellants

### v.

### Paul Miller and ATM Management, Inc., Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-04-003937, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a contested evidentiary hearing at the State Office of Administrative Hearings ("SOAH"), the Texas State Securities Board and its Commissioner, Denise Voigt Crawford, (collectively "TSSB") issued a cease-and-desist order to appellees, Paul Miller and ATM Management, Inc., pertaining to appellees' offer of certain securities. Miller and ATM Management sought judicial review of the order in Travis County district court. The district court reversed the order on the ground that improper testimony had tainted SOAH's evidentiary hearing. On appeal to this Court, TSSB argues that Miller and ATM Management did not preserve the evidentiary complaint and that, even if they had, the testimony was proper. We will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, TSSB issued an emergency cease-and-desist order to Miller, ATM Management (Miller's company), Thell Prueitt (doing business as Fresh Start Funding Group),

David Hughes, and ATM Marketing, Inc. (collectively, "Respondents"). The order enjoined Respondents from offering and dealing in certain securities until properly registered. TSSB contended that Respondents operated a scheme whereby ATM Marketing sold automated teller machines ("ATMs") and promoted a leaseback program run by ATM Management. If purchasers opted for the leaseback program, ATM Management would allegedly operate and service the purchasers' ATMs and give the purchasers a percentage of the profits generated.

Respondents requested a SOAH hearing to challenge TSSB's cease-and-desist order. *See* Tex. Govt. Code Ann. §§ 2001.051, .058 (West 2008). They waived discovery before the hearing. At the hearing, TSSB called as a witness John Morgan, who was the director of TSSB's Enforcement Division and had worked for TSSB for more than twenty years. He supervised TSSB's action against Respondents, although he did not represent TSSB at the SOAH hearing.

Attorney Thomas Hunt represented David Hughes and ATM Marketing at the hearing, and attorney Joseph Hroch represented Miller and ATM Management. Neither attorney objected generally to Morgan's testifying. Hunt made two specific objections, however, during Morgan's direct examination: he objected when Morgan was asked whether his testimony would assist the trier of fact, and he objected when Morgan was asked whether Respondents' offering qualified as a security. The administrative law judge sustained the first objection and overruled the second. At no point before or during Morgan's testimony did attorney Hroch make an objection or adopt one of Hunt's.

The administrative law judge ultimately confirmed TSSB's cease-and-desist order, and TSSB finalized it. *See id.* § 2001.144. Miller and ATM Management sought judicial review

in Travis County district court. *See id.* §§ 2001.171, .176. The district court reversed TSSB's order, *see id.* § 2001.174, concluding in its final judgment that "substantial rights of the Plaintiffs were prejudiced in the evidentiary hearing conducted by [SOAH] . . . , in that the Administrative Law Judge allowed . . . John Morgan[] to testify as an expert against Plaintiffs." It continued: "Such decision to allow Mr. Morgan to testify was arbitrary, capricious, an abuse of discretion and/or an unwarranted exercise of discretion, and the evidentiary hearing, in its entirety, cannot be fairly considered in the determination of this case."[1] TSSB perfected this appeal.

## STANDARD OF REVIEW

We review de novo a district court's reversal of an administrative order. *See Texas Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex. App.—San Antonio 1997, no pet.). We review for abuse of discretion the admission of evidence in the underlying administrative hearing. *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 508 (Tex. App.—Austin 2007, no pet.) (citations omitted). The test for abuse of discretion in this context is whether admitting the evidence was unreasonable, arbitrary, or made without reference to any guiding rules or principles. *Id.* (citing, inter alia, *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004)).

## DISCUSSION

An administrative hearing participant must properly object to the admission of evidence to preserve error for appeal. *See* Tex. Gov't Code Ann. § 2001.081 (West 2008); Tex R.

---

[1] At the hearing on Miller and ATM Management's suit for judicial review, the district court stated that "I am going to reverse and remand . . . based solely and only on the issue that I believe that . . . allowing Mr. Morgan to testify is improper."

3

Evid. 103(a). An objection is proper only if it timely identifies "the offending part of the proffered evidence and the rule that the court will violate if it admits the evidence." *Smith Motor Sales, Inc. v. Texas Motor Vehicle Comm'n*, 809 S.W.2d 268, 272 (Tex. App.—Austin 1991, writ denied). An objection is timely if made as soon as its grounds become apparent. *Richards v. Texas A & M Univ. Sys.*, 131 S.W.3d 550, 555 (Tex. App.—Waco 2004, pet. denied).

Here, Miller and ATM Management never objected to Morgan's testimony during the SOAH hearing. Nor did they adopt the two objections made by their co-Respondents. *See Scott Fetzer Co. v. Read*, 945 S.W.2d 854, 871 (Tex. App.—Austin 1997) (appealing party "may not use another party's objection to preserve error where the record does not reflect a timely expression of her intent to adopt the objection"), *aff'd*, 990 S.W.2d 732 (Tex. 1998). And even if they had, as discussed above, those objections concerned specific questions, not the propriety of Morgan's testimony generally.

Because Miller and ATM Management did not object to Morgan's testimony, they did not preserve their complaint about admission of that testimony. Thus, the district court, acting essentially in an appellate capacity, should not have considered the admission of that testimony as grounds for reversal. *See Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) (per curiam) ("A point of error not preserved, is not before the appellate court for review."). Instead, it should have proceeded to consider whether substantial evidence in the record as a whole reasonably supported TSSB's decision to issue its final cease-and-desist order. *See Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984).

4

Miller and ATM Management argue that even if they failed to object to Morgan's testimony, admitting the testimony was so unfair that it constituted unwaivable "fundamental error." We disagree. Fundamental error exists only "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam). Admitting Morgan's testimony did not directly and adversely affect the public interest; even if we assume that fairness in administrative hearings is a matter of public interest, Miller and ATM Management's hearing was fair. *See City of Corpus Christi v. Public Util. Comm'n*, 51 S.W.3d 231, 262 (Tex. 2001) (due process in administrative proceedings "includes the right to cross-examine adverse witnesses and to present and rebut evidence"). Attorneys Hunt and Hroch both cross-examined Morgan extensively.

Moreover, even if Miller and ATM Management had preserved their objection to Morgan's testimony, we would not conclude that the administrative law judge abused his discretion by admitting the testimony. Miller and ATM Management advance four arguments why Morgan's testimony was improper: (1) it violated Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct; (2) Miller and ATM Management's attorney, Hroch, was not allowed to testify as a rebuttal expert; (3) Miller and ATM Management had no advance warning of it; and (4) it concerned a matter of pure law. These arguments fail.

First, Texas Disciplinary Rule of Professional Conduct 3.08 states: "A lawyer shall not accept or continue employment *as an advocate before a tribunal* in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness."

5

(Emphasis added.) Here, Morgan did not appear as an advocate in this case; he appeared only as a witness.[2] An attorney may serve as a witness and still assist a party *outside* the courtroom, as Morgan did here, without violating Rule 3.08. *See Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422-23 (Tex. 1996) (attorney who knew he would probably be called as witness did not violate Rule 3.08 by continuing to draft pleadings, engage in settlement negotiations, and assist party with trial strategy). Conversely, when attorney Hroch sought to testify, the administrative law judge did not abuse his discretion in informing him that his expert testimony would violate Rule 3.08, because Hroch represented Miller and ATM Management during the hearing.

In addition, Miller and ATM Management declined to conduct pre-hearing discovery. Therefore, they cannot complain that TSSB did not disclose its experts. *See* Tex. Gov't Code Ann. § 2001.092 (West 2008) (addressing discovery from parties, including identity of witnesses and potential parties and expert reports); Tex. R. Civ. P. 195.1 ("A party may request another party to designate and disclose information concerning testifying expert witnesses *only* through a request for disclosure under Rule 194 and through depositions and reports as permitted by this rule." (Emphasis added.)).

---

[2] Miller and ATM Management argue that Morgan qualified as an "advocate" under Rule 3.08 because he was a biased witness. We disagree; Rule 3.08 draws a sharp distinction between "advocates" and "witnesses." For example, Comment 4 accompanying the Rule states: "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others." Moreover, a rule that excluded attorney witnesses for bias would conflict with the basic evidentiary principle that bias is grounds to impeach witnesses, not exclude them. *See* Tex. R. Evid. 613(b); *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (evidence of bias should be used to reduce weight given to witness's testimony).

Finally, Morgan did not testify on a pure question of law. Whether an investment qualifies as a security has been consistently recognized as a mixed question of law and fact. *See Bailey v. State*, 155 S.W.3d 346, 351 (Tex. App.—El Paso 2004) (facts determined whether document qualified as security, so jury should have heard expert testimony on "context, substance, and reality surrounding the sale"), *rev'd on other grounds*, 201 S.W.3d 739 (Tex. Crim. App. 2006); *McConathy v. Dal Mac Commercial Real Estate, Inc.*, 545 S.W.2d 871, 875 (Tex. Civ. App—Texarkana 1976, no writ) ("In determining whether a transaction is an investment contract, the courts will disregard the form and will look to the substance of the transaction, giving effect to the economic realities of the scheme."). *See also Mega Child Care, Inc. v. Texas Dep't of Protective & Regulatory Servs.*, 29 S.W.3d 303, 309 (Tex. App.—Houston [14th Dist.] 2000) ("An issue involves a mixed question of law and fact when a standard or measure has been fixed by law and the question is whether the person or conduct measures up to that standard."), *aff'd*, 145 S.W.3d 170 (Tex. 2004). An expert may testify on a mixed question of law and fact. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 440 (Tex. 2007). This is so even if the question is the "ultimate issue" in the case. *See* Tex. R. Evid. 704; *see also* Tex. Gov't Code Ann. § 2001.081 (West 2008) (regarding admissibility of evidence in contested case hearing). Thus, the administrative law judge did not abuse his discretion by allowing Morgan to testify on whether Respondents' offering qualified as a security.

## CONCLUSION

Because Miller and ATM Management did not preserve their complaint as to John Morgan's testimony, the district court should not have considered the admission of that testimony

7

as grounds for reversing TSSB's cease-and-desist order. And even if Miller and ATM Management had preserved the complaint, the administrative law judge did not abuse his discretion by admitting Morgan's testimony. We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Reversed and Remanded

Filed: July 1, 2009