CLEAR CREEK INDEPENDENT
SCHOOL DISTRICT, Appellant,

v.

COMMISSIONER OF EDUCATION of
the State of Texas, et al., Appellees.

No. 3–87–248–CV.

Court of Appeals of Texas,
Austin.

Aug. 9, 1989.

Raybourne Thompson, Jr., Vinson & El-
kins, Houston, for appellant.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for Com'r of Educ.

Stephen L. Braun, Bracewell & Patterson, Houston, for Green Tee Ass'n.

Before SHANNON, C.J., and GAMMAGE and SMITH,* JJ.

GAMMAGE, Justice.

Clear Creek Independent School District (Clear Creek) appeals from a district court judgment affirming the Commissioner of Education's order granting Green Tee Association's (Green Tee) petition for detachment and annexation. We will affirm the judgment of the district court.

Pursuant to 1983 Tex.Gen. Laws, ch. 285, § 1, at 1386 [Tex.Educ.Code § 19.022, since amended],[1] Green Tee filed a petition for detachment from Clear Creek and annexation to Pearland Independent School District (Pearland). Section 19.022 required Green Tee to file petitions with the commissioners courts of both the county which would receive the territory, Brazoria, and the county from which the territory would detach, Galveston. The Brazoria County Commissioners Court approved the detachment and annexation, a decision Clear Creek did not appeal. The Galveston County Commissioners Court denied the detachment and annexation. Green Tee appealed this decision to the Commissioner of Education pursuant to Tex.Educ.Code Ann. § 19.009(b) (Supp.1989). The Commissioner of Education conducted a *de novo* hearing and granted Green Tee's detachment and annexation. Clear Creek appealed the Commissioner's decision to the district court. The district court found the Commissioner's decision is supported by substantial evidence, is not arbitrary or capricious, and is not violative of any constitutional or statutory provisions.

In its first point of error, Clear Creek asserts the district court erred be-cause the Commissioner of Education used the wrong standard of review in this proceeding. Clear Creek argues the Commissioner of Education should have reviewed the Galveston County Commissioners Court's decision by substantial evidence review rather than conducting a *de novo* hearing. We disagree.

Clear Creek argues that *Cent. Ed. Agency v. Upshur Co. Com'rs Ct.*, 731 S.W.2d 559 (Tex.1987), governs the Commissioner of Education's standard of review in this case. *Upshur* involved an appeal from a single county commissioners court allowing detachment and annexation. The Commissioner of Education reversed the Upshur County Commissioners Court, finding the petitioners were motivated by a desire to escape a higher tax rate and that detachment and annexation would be unsound as a matter of educational policy. The district court affirmed. The Supreme Court, in affirming the court of appeals' reversal of the district court, found the Education Code was silent regarding the Commissioner of Education's standard of review on appeal, although the Code gave the county officials express decision-making authority over detachment and annexation. The Supreme Court held that, although the Commissioner of Education may hold an evidentiary hearing, such review will be limited to determining whether there was fraud, bad faith, or an abuse of discretion in the county commissioners court's decision and whether its decision is supported by substantial evidence.

Unlike *Upshur*, this case involves disagreement between two county commissioners courts. Under substantial evidence review the determination is not whether the agency reached the correct conclusion, but whether some reasonable basis is found in the record for the agency's action. *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex. 1966). Consequently, both commissioners courts' decisions could be supported by substantial evidence. Furthermore, Tex.

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

1. Because the law was amended after this petition for detachment and annexation was filed, all references to the Texas Education Code will be to the laws as they existed at the filing of the petition. 1983 Tex.Gen.Laws, ch. 285 at 1380.

Educ.Code § 19.009(b), effective in September 1983, after *Upshur's* July 1983 petition for detachment and annexation, states:

> If this chapter requires the agreement of or action by two or more commissioners courts, and the commissioners courts fail to agree or take action within a reasonable time set by rule of the State Board of Education, a person aggrieved by the failure may appeal to the commissioner of education for resolution of the issue.

This provision gives the Commissioner of Education express decision-making authority over detachment and annexation when two commissioners courts disagree. To interpret this authority to permit only substantial evidence review would render the Commissioner's review meaningless, contrary to rules of statutory construction. *Orsinger v. Schoenfeld,* 269 S.W.2d 561, 564 (Tex.Civ.App.1954, writ ref'd n.r.e.).

Moreover, we note the legislature, by a 1987 amendment to section 19.022, clearly demonstrated its intent to empower the Commissioner of Education to decide detachment and annexation issues in a *de novo* proceeding. Initial decisions regarding petitions for detachment and annexation, formerly made by county commissioners courts, are now made by boards of trustees. Subsection (i) was added, which states:

> If the board of trustees of either affected district disapproves the petition, an aggrieved party to the proceedings in either district may appeal the board's decision to the commissioner of education under Section 11.13 of this code. An appeal under this subsection is de novo....

1987 Tex.Gen.Laws ch. 795, § 3 at 2786. We conclude the Commissioner of Education properly conducted a *de novo* hearing to resolve the conflict between the Brazoria and Galveston county commissioners courts. Clear Creek's first point of error is overruled.

In its second point of error, Clear Creek argues essentially that the Commissioner of Education committed an error "made upon unlawful procedure" under the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e)(3) (Supp.1989) (APTRA), by improperly placing the burden of proof on Clear Creek to show the detachment and annexation should not be granted.

On judicial review of an administrative agency order under APTRA, "[a] Commissioner's order is presumed to be a valid exercise of his power and discretion. The court presumes the Commissioner performed his duties in compliance with the law, and the appellants have the burden to show he did not." *Vandygriff v. First Sav. & Loan Ass'n,* 617 S.W.2d 669, 673 (Tex.1981) (citations omitted). Furthermore, a court may "reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced." APTRA, § 19(e).

It is undisputed that the requirements of Tex.Educ.Code § 19.022(b)(2), and (c)-(f) were fulfilled; nevertheless, but Clear Creek argues the Commissioner improperly placed the burden on it to prove subsection (g), which states:

> At the hearing, the commissioners court shall consider the social, economic, and education effects of the proposed annexation. After the conclusion of the hearing, the commissioners court shall make findings as to the social, economic, and educational effects and shall, on the basis of those findings, adopt an order rejecting the petition or transferring the territory and redefining the boundaries of the districts affected by the transfer. The findings and order shall be recorded in the minutes of the court.

Here, the Commissioner's order includes eleven fact-findings describing the social, economic, and educational effects of the transfer. His second conclusion of law specifically recognizes the burden of such proof was on Green Tee, and states: "[Green Tee has] demonstrated that the proposed deannexation will be economically, educationally, and socially beneficial to most of the students affected." Clear Creek's second point of error is overruled.

In its third point of error, Clear Creek asserts the evidence is legally or factually insufficient to support the Commissioner's

order and essentially asks that this court use a preponderance of the evidence standard of review.

■ The correct standard of review in an appeal under Tex.Educ.Code Ann. § 11.13 (Supp.1989) is whether the order is reasonably supported by substantial evidence. *Wylie Independent Sch. Dist. v. Central Ed. Agency,* 488 S.W.2d 166, 168 (Tex.Civ.App.1972, writ ref'd n.r.e.); *Board of Trustees of Crystal City Ind. Sch. Dist. v. Briggs,* 486 S.W.2d 829, 832 (Tex.Civ. App.1972, writ ref'd n.r.e.); APTRA, § 19(e)(5). Under this standard, a reviewing court determines whether the agency's findings are supported by substantial, probative, reliable evidence found in the whole record, but may not substitute its judgment for that of the agency's. *Texas Health Facilities Commission v. Charter Medical–Dallas,* 665 S.W.2d 446 (Tex.1984). Substantial evidence review is not to determine whether the agency reached the correct conclusion, but whether some reasonable basis is found in the record for the agency's action. *Gerst,* 411 S.W.2d at 354. Stated another way, the reviewing court must determine if the evidence, viewed as a whole, is such that reasonable minds could have reached the agency's conclusion.

■ Clear Creek does not attack any specific fact-finding. The eleven fact-findings, which are supported by the record, include the finding that the average travel time by bus for students traveling to Pearland schools is less than that for students traveling to Clear Creek schools. Pearland is slightly undercapacity and will accommodate the new students by filling vacant and under-capacity classrooms, redrawing boundary lines, and adding portable buildings. Clear Creek already uses thirty-seven portable buildings. Green Tee students account for less than one percent of the Clear Creek students, and the impact of a detachment on Clear Creek would be minimal. Finally, the Green Tee students experience harmful educational and social effects from traveling to Clear Creek schools.

These fact-findings reasonably support the conclusions of law that the petition is in compliance with the Texas Education Code;

that Green Tee has demonstrated that the proposed detachment will be economically, educationally and socially beneficial to most of the students affected; and that the petition should be granted.

Clear Creek also asserts the Commissioner refused to consider the economic impact of detachment, by failing to consider higher property tax rates. Because consideration of economic impact is a requirement included in section 19.022(g), such refusal would be an arbitrary and capricious abuse of discretion. *Gerst,* 411 S.W.2d at 360, n. 8. It is obvious, however, that the Commissioner did consider the tax rates because fact finding thirteen states:

13. The tax rate in Pearland ISD is $1.00 per $100.00 valuation. The tax rate in Clear Creek ISD is $.92 per $100.00 valuation. Taxes for persons living in Green Tee may rise as much as $32.00 to $481.00 per year.

■ Finally, Clear Creek argues in essence that the Commissioner of Education failed to make fact-findings favorable to it. An agency is not, however, required to state facts that it rejected or did not rely upon to support its order. *State Banking Bd. v. Valley Nat. Bank,* 604 S.W.2d 415, 419 (Tex.Civ.App.1980, writ ref'd n.r.e.). Clear Creek's third point of error is overruled.

In its fourth point of error, Clear Creek asserts the Commissioner of Education's decision does not promote the administration of education and improvement in the public school system because of budgetary considerations. The only argument under this point asserts that classroom capacity was specifically constructed for Green Tee students in Clear Creek and that Pearland has acute overcrowding.

Based on fact-findings discussed under the third point of error, we find substantial evidence in the record to conclude the Commissioner of Education's order promoted the administration of education and improvement in the Texas public school system. Clear Creek's fourth point of error is overruled.

In its fifth point of error, Clear Creek asserts the Commissioner of Education erred in refusing to invalidate the detachment and annexation petition because the Brazoria County Commissioners Court allowed Green Tee to *add* names on the morning of the Brazoria County hearing, and did not verify any signatures. Clear Creek does not, however, complain of the Brazoria County Commissioners Court allowing it to submit affidavits to *withdraw* names from the petition. Verification of signatures is not required. Tex.Educ.Code §§ 19.003(e), 19.022. These sections require that a majority of the registered voters of the affected territory sign the petition and that the commissioners court shall give notice of the contemplated change by publishing and posting notice, not earlier than the thirtieth day nor later than the tenth day before the hearing, in a public place in each election precinct, not later than twenty-one days before the hearing, and by giving written notice to the trustees of each affected district. Clear Creek claims no error based on notice of the hearing, though it incorrectly states that a thirty-day notice period is required.

The general rule of law regarding adding and withdrawing names on petitions is that the right to withdraw exists up to the time the officials act on the petition, in this case, by giving the required notice. *Texas Power & Light Co. v. Brownwood Public Serv. Co.*, 87 S.W.2d 557, 558 (Tex.Civ.App.1935, no writ); *Stahl v. Miller*, 63 S.W.2d 578 (Tex.Civ.App.1933, writ ref'd). If a party may withdraw names after the proper authority acts on the petition, then the opposite party must be allowed to add names, or the petition may not reflect the popular opinion of the affected territory. *Brownwood*, 87 S.W.2d at 559.

We note, also, that Clear Creek failed to carry its burden of including the petition in the appellate record. Tex.R.App.P.Ann. 53(a) (Pamp.1989). We must presume the record supports the court's decision. *Patrick v. Patrick*, 728 S.W.2d 864 (Tex.App. 1987, writ ref'd n.r.e.).

Both the Brazoria and Galveston County Commissioners Courts determined the peti-tion contained the required majority. A Green Tee exhibit is included which lists, among other information, the number of registered voters in Green Tee, the number of voters on the original petition and two supplemental petitions, the number of voter affidavits submitted by Clear Creek to remove names from the petition, the number of voter affidavits submitted by Green Tee cancelling the affidavits submitted by Clear Creek, and the resulting total number of registered voters on the petition.

■ The original petition contained a majority of registered voters of Green Tee. The Brazoria County Commissioners Court allowed Clear Creek to withdraw names and Green Tee to add names after it acted on the petition by setting a hearing. This final petition also contained a majority of registered voters of Green Tee. We conclude that any error in permitting Green Tee to add names, and Clear Creek to withdraw names, is harmless. The Commissioner of Education did not abuse his authority by declining to invalidate the petition. Clear Creek's fifth point of error is overruled.

In its sixth point of error, Clear Creek asserts the Commissioner of Education's decision violates the due process rights of its parents, children, and taxpayers. Clear Creek first argues the decision was arbitrary and capricious because it failed to follow the ruling in *Upshur;* and it violated the hearing rules of the Texas Education Agency, the statutory directives of the Texas Education Code, and the Commissioner's own past rulings. This point is cumulative of previously discussed points of error and we will not address it further.

Clear Creek next argues, without citing authority, that the decision was arbitrary and capricious because the Commissioner of Education rendered his decision twenty-two months after the date of the original hearing, that he failed to grant its motions to reopen evidence, and that the hearing officer who prepared the proposal for decision was not the same hearing officer who heard the evidence.

■ A failure to cite authority, without an assertion that the argument is one of

first impression, waives the point of error. *Wolf v. Fernandez*, 733 S.W.2d 695 (Tex. App.1987, writ ref'd n.r.e.); *Benham v. Benham*, 726 S.W.2d 618 (Tex.App.1987, writ ref'd n.r.e.). Furthermore, APTRA § 16(d) states:

> The final decision or order must be rendered within 60 days after the date the hearing is finally closed. In a contested case heard by other than a majority of the officials of an agency the agency may prescribe a longer period of time within which the final order or decision of the agency shall be issued. The extension, if so prescribed, shall be announced at the conclusion of the hearing.

The Texas Supreme Court has determined the language in this subsection is directory rather than mandatory. *Suburban Utility Corp. v. Public Utility Commission*, 652 S.W.2d 358 (Tex.1983).

Clear Creek shows no harm, and this Court finds none, resulting from the Commissioner's delay, its inability to reopen the hearing to present what appears from the record to be cumulative evidence, or the change in hearing officers. Clear Creek's sixth point of error is overruled.

The judgment of the district court is affirmed.