TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-98-00108-CV







Milton Cole, Appellant




v.




Mike Moses, Commissioner of Education of the State of Texas; the Central Education


Agency, by and through the Commissioner of Education; and Dallas


Independent School District, a Public Body Corporate, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-04783, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING








 The Dallas Independent School District ("DISD") terminated Milton Cole's
teaching contract based upon a finding of good cause. Cole appealed DISD's decision to the
Commissioner of Education ("Commissioner") who upheld Cole's termination. Thereafter, Cole
sought judicial review in the district court. The district court affirmed the Commissioner's
decision, finding that it is supported by substantial evidence and does not violate any constitutional
or statutory provisions or other applicable law raised by Cole in his defense.

 Cole appeals the district court's judgment that affirmed the Commissioner's
findings, claiming that (1) the Commissioner's decision is not supported by substantial evidence;
(2) his right to due process of law guaranteed under the Fourteenth Amendment of the United
States Constitution was violated; and (3) the Commissioner exceeded his statutory authority. We
will affirm the trial court's judgment.


BACKGROUND

 In 1993, at the time of the event leading to his termination, Cole had been a teacher
in the DISD for twenty-two years and was then working under a term contract at Clara Oliver
Elementary School. Cole states that one evening as he was driving home from a friend's house,
a fifteen-year-old girl "flagged down" the automobile he was driving and before he could react,
she opened the door and jumped into the front seat of the vehicle. Cole, who was alone at the
time, stated that the girl was hysterical and indicated that she had been assaulted and needed help. 
Cole asked her age and she responded that she was twenty-one. Cole says he believed her, but
did not believe her story of the assault and did not ask her for identification. He took her to a
filling station, gave her a quarter and recommended that she call the police. She got out of the car
and made a call, but Cole did not overhear the conversation. After first telling Cole she was afraid
to go to her apartment, she later admitted that she was lying and in fact had no place to stay. 
When no police arrived, Cole took her to his house and allowed her to spend the night. According
to Cole, she slept in one room while he slept in another and they had no contact during the night.


 The next day, Cole brought the girl to the school where he worked, but while he
entered through the front door to sign in, she entered through a side door and was thus not
observed by school administrative personnel. Cole did not obtain consent from a superior for the
girl's visit. During the course of the day, Cole introduced the girl to several school employees
as his daughter. The next day, the girl made sexual assault allegations against Cole, which were
later presented to a grand jury which failed to return an indictment.

 Thereafter, Cole was notified by letter that the DISD was recommending
terminating his employment based upon good cause pursuant to DISD's local policy. (1) A hearing
was later held by DISD's board of trustees (the "Board") who voted to terminate Cole's
employment contract for just cause. (2) Cole appealed this decision to the Commissioner, who
upheld Cole's termination. (3) On appeal, the district court affirmed the Commissioner's decision.


DISCUSSION

Substantial Evidence

 In his first three issues, Cole claims that the trial court erred in affirming certain
findings made by the Commissioner. (4) Generally, district courts review decisions made by the
Commissioner pursuant to the substantial evidence rule. See Clear Creek Indep. Sch. Dist. v.
Commissioner of Educ., 775 S.W.2d 490, 493 (Tex. App.--Austin 1989, no writ) (substantial
evidence rule correct standard of review in appeal from Commissioner's decision, citing to the
trial court, Act of Sept. 1, 1969, 61st Leg., ch. 889, § 3, 1969 Tex. Gen. Laws 2736, 2757 (since
codified at Tex. Educ. Code Ann. § 7.057 (West 1996))). As a result, Cole's first three issues
address the same complaint: that the trial court erred in affirming the Commissioner's decision to
terminate Cole because the Commissioner's findings are not supported by substantial evidence in
the record.

 When a trial court examines whether there is substantial evidence to support an
agency's decision, it determines whether the evidence as a whole is such that reasonable minds
could have reached the agency's conclusion. See Suburban Util. Corp. v. Public Util. Comm'n,
652 S.W.2d 358, 364 (Tex. 1983); Sanchez v. Huntsville Indep. Sch. Dist., 844 S.W.2d 286, 290
(Tex. App.--Houston [1st Dist.] 1992, no writ). Substantial evidence review, therefore, requires
a reviewing court to determine whether there is some reasonable basis in the record for the
agency's action, not to determine whether the agency reached the correct conclusion. See Clear
Creek Indep. Sch. Dist., 775 S.W.2d at 493; see also Sanchez, 844 S.W.2d at 290 (evidence may
preponderate against agency's decision but still amount to substantial evidence because substantial
evidence is more than mere scintilla but less than preponderance of the evidence). A court cannot
substitute its judgment for that of the agency; it can only determine whether the agency's findings
are supported by substantial, probative, and reliable evidence found in the record. Clear Creek
Indep. Sch. Dist., 775 S.W.2d at 493. 

 Under DISD's local policy, "good cause" is defined as being the failure of the
employee to meet the acceptable standards of conduct as determined by the Board pursuant to
Board policy. Such cause must be based on any act or conduct while at school that is either
indecent, obscene, cruel, abusive, or otherwise contrary to and inconsistent with the ordinary
standards set by the performance and conduct of the other professional public school employees. 
See Dallas Independent School District, Board Policy DOAC (Local) (1993). In the present case,
it is undisputed that Cole picked up a fifteen-year-old girl who claimed she had been assaulted, he
did not call the police, and he eventually took the girl home with him. Cole himself admitted that
perhaps he did not use proper judgment when he picked her up that day. The following day, Cole
brought the girl to school with him; the girl went through the side door while he entered through
the front; and Cole did not request approval for this visit from a superior. (5) In addition, Cole lied
when he told several fellow employees that the girl was his daughter. 

 Much of the evidence in support of Cole's termination comes from Cole's own
testimony. Cole cannot complain of its reliability, and we find such evidence to be substantial and
probative in support of the Commissioner's decision. Upon review of the record in this case, we
conclude that the evidence as a whole shows a reasonable basis for the Commissioner's finding
of good cause; and we conclude that reasonable minds could have reached the same conclusion as
the Commissioner. Therefore, we hold that there is substantial evidence to support the
Commissioner's decision, and overrule issues one, two, and three.


Due Process 

 In his fourth issue, Cole argues that the he was denied due process of law in
violation of the Fourteenth Amendment of the Constitution of the United States. U.S. Const.
amend. XIV, § 1. Specifically, Cole asserts that the Board and the Commissioner violated his
procedural due process right to notice of the allegations against him by using the terms "lack of
good judgment" and "poor judgment," respectively, to describe why there was good cause to
terminate him. Cole contends that because these terms are amorphous and ambiguous, they did
not adequately notify him of the prohibited conduct. We disagree.

 A teacher serving under a continuing contract has a property interest in employment
and is entitled to timely notice and a hearing before termination. See James v. Hitchcock Indep.
Sch. Dist., 742 S.W.2d 701, 706 (Tex. App.--Houston [1st Dist.] 1987, writ denied). For these
due process requirements to be meaningful, "notice" and "hearing" require previous notice and
a hearing relative to the issues of fact and law that will control the result to be reached by the
administrative tribunal. See Madden v. Texas Bd. of Chiropractic Examiners, 663 S.W.2d 622,
626-27 (Tex. App.--Austin 1983, writ ref'd n.r.e.). Thus, due process requires, at a minimum,
that the issues of fact and law in the case be apparent to afford notice to the parties. See id. at 627
(opportunity must be afforded all parties to respond and present evidence and argument on all
issues involved). 

 In the present case, DISD's local policy indicates the conduct that is prohibited for
its employees. The local policy provides in pertinent part:


 The District may, for cause, discharge any employee and terminate any
contract of employment . . . provided such cause is based on the involvement of
the employee in any one or more of the following:


. . . . 


 2. Any act or conduct while at school, whether in or out of a classroom,
that is either indecent, obscene, cruel, abusive, or is otherwise contrary to and
inconsistent with the ordinary standards set by the performance and conduct of the
other professional public school employees of the District. 


. . . . 


 The following statements are further clarifications regarding dismissal at
any time during the school year for just cause.


. . . .


 10. Good cause as determined by the Board [constitutes] the failure of the
employee to meet the acceptable standards of conduct as determined by the Board
pursuant to Board policy or where the retention of the employee is detrimental to
the best interest of the students of the District. 



Dallas Independent School District, Board Policy DOAC (Local) (1993). This policy specifically
describes the type of conduct that will warrant cause for termination: any act while at school that
is indecent, obscene, cruel, abusive, or contrary to ordinary standards set by other school
employees. See id. And to clarify what constitutes cause for termination, the policy also defines
good cause. We find that this policy adequately informed Cole, an employee of DISD for twenty-two years, that "sneaking" a young girl into a school where that girl is not enrolled and passing
her off as a family member is the type of conduct that would justify termination. DISD's letter
recommending his termination clearly advised him that his involvement with the minor female
"during working hours" was the basis for the recommendation of termination.

 Cole urges that he was not notified of the relevant facts and law because the Board
and the Commissioner used the terms "lack of good judgment" and "poor judgment,"
respectively, to explain why termination was proper in this case, which made the applicable
standard amorphous and ambiguous. However, the Board and the Commissioner, relying on
DISD's policy, based their decision on all the facts and circumstances, including Cole's judgment. 
The policy requires the Board to compare the conduct of the employee to the standards set out in
the policy. Cole's judgment is simply part of the conduct that the Board and the Commissioner
evaluated and did not in itself provide the sole basis for his termination. Because we have
determined that the policy adequately notified Cole of the conduct that was prohibited, we find that
this claim is without merit and overrule issue four.


Statutory Authority of Commissioner 

 In his final issue, Cole argues that the trial court erred in affirming the
Commissioner's decision because the Commissioner exceeded his statutory authority. Cole relies
on this Court's decision in Amarillo Independent School District v. Meno, 854 S.W.2d 950 (Tex.
App.--Austin 1993, writ denied), to support this argument. There the school district did not
renew several teaching contracts because of past teacher evaluations. Id. at 952. The
Commissioner reversed these decisions, finding that the relevant statute required the school district
to consider the current year evaluations. The text of the statute, however, had no such current
year requirement. Id. The Court found that the Commissioner exceeded his authority by adding
the requirement that teachers' current year evaluations must be considered. Id. at 955.

 Here, the Board found good cause based in part on Cole's "lack of good judgment,"
while the Commissioner based his finding, among other things, on Cole's use of "extremely poor
judgment." Cole argues that the Commissioner improperly expanded DISD's policy and thus
exceeded his authority. However, the terms "lack of good judgment" and "poor judgment" mean
essentially the same thing. Unlike in Amarillo Independent School District, the Commissioner's
decision is in accord with that of the Board and does not expand DISD's local policy. Because the
Commissioner did not exceed his authority, we find issue five is without merit. 


CONCLUSION

 We conclude that there was substantial evidence to support the Commissioner's
decision upholding Cole's termination, Cole's right to procedural due process was not violated,
and, in upholding Cole's termination, the Commissioner did not exceed his statutory authority. 
Therefore, we affirm the trial court's judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: December 17, 1998

Do Not Publish
1. The letter defines "good cause" as "being the failure of the employee to meet acceptable
standards of conduct as determined by the Board pursuant to Board policy, or where the retention
of the employee is detrimental to the best interest of the students of the District." The following
specific reasons were given for Cole's termination: "Your conduct, to which you have admitted,
involving a minor during working hours. . . . [and] [f]ailure to use the professional judgment
expected of an educator in the District."
2. In its order terminating Cole, the Board specifically stated:


 Clearly Mr. Cole's conduct in bringing an unrelated, minor female
to his classroom is contrary to that expected of any teacher, much less a
professional educator with a masters degree and 22 years of teaching
experience. His conduct in introducing the female as his daughter suggests
he was aware of the impropriety of such conduct. The District cannot
tolerate this type of behavior from its educators.


 Mr. Cole displayed an astounding lack of good judgment on the
occasions in question. Mr. Cole's explanations for his actions did not
withstand scrutiny. If he truly believed the minor female was in jeopardy,
he had numerous opportunities to seek professional help for her. He
admitted he did not call anyone for assistance. His failure to respond
appropriately to a minor in obvious trouble is of particular concern because
he is a teacher of students with special needs. His conduct suggests he may
fail to exercise appropriate judgment with them.


 The totality of the circumstances presented in the record demonstrates
Mr. Cole acted in a manner which reflects poorly on the District and that he
lacks the judgment necessary for continued employment as a educator in the
Dallas Public Schools. The administration has presented evidence which
demonstrates that good cause exists for terminating Mr. Cole's employment
with the district.


. . . .


 [I]t is hereby ORDERED that Mr. Milton Cole be, and hereby is,
terminated for just cause, as described herein.
3. The Commissioner's decision states:


 [Cole's] conduct in bringing an unrelated, young female to his
classroom and introducing her as his daughter suggests he was aware of the
impropriety of his conduct. There is no precise definition of poor judgment,
but you know it when you see it. The effect of poor judgment is included in
the [DISD's] definition of good cause--i.e., failure to meet the acceptable
standards of conduct as determined by the Board pursuant to Board policy. 
Under the totality of the circumstances presented in the record, [Cole] acted
in a manner which reflected extremely poor judgment. [DISD] proved by a
preponderance of the evidence that good cause existed for the mid-year
termination of [Cole's] employment.
4. His first issue deals specifically with the substantial evidence rule, addressing whether the
Commissioner's decision was supported by substantial evidence. In the second, Cole asserts that
the trial court erred because the Commissioner's finding of good cause was incorrect, and thus the
DISD breached his employment contract when it terminated him without good cause. Finally, he
asserts that the trial court erred because his acts, contrary to what the Commissioner held, did not
rise to the standard of conduct prohibited in DISD's policy. 
5. In his brief, Cole argues that he did not request permission for the visit because the principal
was not at the school on that particular day. However, Cole testified that he did not request
permission because he was not aware that there was a rule requiring it.


 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: December 17, 1998

Do Not Publish
1. The letter defines "good cause" as "being the failure of the employee to meet acceptable
standards of conduct as determined by the Board pursuant to Board policy, or where the retention
of the employee is detrimental to the best interest of the students