TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00623-CV







Texas Education Agency and Commissioner of Education Michael Moses;

and La Joya Independent School District, Appellants


v.



La Joya Federation of Teachers, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-12735, HONORABLE PETE LOWRY, JUDGE PRESIDING







 Appellee La Joya Federation of Teachers (the "Federation") appealed an adverse
decision from the La Joya Independent School District's Board of Trustees (the "Board") to the
Commissioner of Education, Michael Moses (the "Commissioner"). La Joya Independent School
District (the "District") responded with a plea challenging the Commissioner's jurisdiction,
arguing that the Federation had not timely filed its grievance with the Board and that its cause
should therefore be dismissed for failure to exhaust administrative remedies at the local Board
level. The Commissioner agreed and dismissed the Federation's appeal. The Federation appealed
to the district court, and the district court reversed the decision of the Commissioner. Appellants
Texas Education Agency, the Commissioner, and the District (1) appeal the district court judgment
reversing the Commissioner's decision. We will affirm the district court judgment.

PROCEDURAL AND FACTUAL BACKGROUND On August 2, 1995, the Board adopted a salary schedule increasing all teachers'
salaries. The salary schedule was published in the District's informational newsletter, the Boletin,
and copies of the Boletin were placed in the teachers' mailboxes around August 7. The Boletin's
headline stated, "Teachers to See Pay Increase." The article explained that the salary increases,
which ranged from $1,290 to $1,650, came as a result of the Texas Legislature's increase in the
minimum salary schedule. (2) The salary schedule accompanying the article listed a number on the
left side, indicating the teachers' years of experience or pay step, and the 1995-1996 gross salary
directly across from those numbers. A local newspaper, the Mission Progress Times, published
an article August 9 titled "La Joya Will Give Teachers Pay Raise." The article repeated the
information stated in the Boletin article, but it did not publish the salary schedule.

 On September 22, the teachers received their first paychecks under the new salary
schedule. According to the Federation, with these paychecks the teachers realized for the first
time that while the state minimum salary had been increased, the local supplement paid the
previous year by the District had been decreased. (3) Apparently there was some confusion over the
salary issue, because the District distributed a flier after the teachers received their paychecks
announcing that information sessions on the salary schedule would be held on September 26 and
September 27, and the flier invited "[a]ll teachers desiring additional information or clarification"
to attend. The flier included a chart illustrating the salary schedule. That chart listed the teachers'
years of experience or pay step in the far left column, the 1995-1996 state minimum salary in the
next column, and the actual salary to be paid to the teachers, depending on the teachers' level, in
the next four columns. The amount of the local supplement being added to the state minimum
salary is easily discernable from this chart.

 The Federation filed a grievance with the District superintendent on October 5,
1995, alleging that on or about September 26, 1995, the Board violated the teachers' contracts by
reducing the local supplement after the teachers became obligated to perform on those contracts. 
The District's employee complaint policy, identified as "DGBA (LOCAL)" (4) requires an employee
to present any grievances within fifteen days "of the time the employee first knew or should have
known of the event or series of events causing the complaint." The Board heard the Federation's
complaint at its October 25 meeting. Although there is no record of the District's argument in the
Board's minutes of the October 25 meeting, the District's position is that the teachers knew or
should have known of the reduction in the local supplement after the Board meeting approving the
new salary schedule August 2, or, at the very latest, after the Boletin was distributed to the
campuses and placed in all the teachers' mailboxes on August 7. The Board denied the
Federation's grievance at a November 29 Board meeting because the grievance "was not filed in
a timely manner."

 The Federation appealed the Board's decision to the Commissioner. (5) In the
District's answer, it alleged that the Commissioner was without jurisdiction to hear the appeal
because the Federation had not timely filed its grievance before the Board. The Commissioner
based his decision on the District's jurisdictional challenge, finding that:



4. On August 2, 1995 [the Board] adopted a salary schedule to be implemented
with all current instructional staff. Employees are charged with notice of the
public acts of governmental bodies. Employees also were informed of the
action of the [B]oard through the distribution of a newsletter August 7, 1995.



 The Commissioner concluded that the Federation failed to present its grievance in
a timely manner as required by District policy. Accordingly, the Commissioner determined that
the Federation's appeal should be dismissed for failure to exhaust administrative remedies at the
local district level. The Federation filed a motion for rehearing, which was overruled by operation
of law.

 The Federation appealed the Commissioner's order to the district court. See former
Tex. Educ. Code Ann. § 11.13. The district court ruled that the Commissioner's decision was
not supported by substantial evidence and reversed the decision. Appellants appeal the district
court judgment, raising three issues: (1) the district court erred by reversing the Commissioner's
decision because substantial evidence supports the Commissioner's finding that the Federation did
not timely file its grievance; (2) the district court erred by determining that the Federation was not
required to exhaust its administrative remedies; and (3) the district court erred by ruling that the
District's fifteen day grievance procedure violates the Open Courts provision of the Texas
Constitution.


DISCUSSION

 We review the Commissioner's finding that the Federation did not timely file its
grievance under the substantial evidence standard of review. See Clear Creek Indep. Sch. Dist.
v. Commissioner of Educ., 775 S.W.2d 490, 493 (Tex. App.--Austin 1989, no writ). In a
substantial evidence review, we must first determine whether the evidence as a whole is such that
reasonable minds could have reached the conclusion the agency must have reached in order to take
the disputed action. See Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116
(Tex. 1988); Texas Educ. Agency v. Goodrich Indep. Sch. Dist., 898 S.W.2d 954, 957 (Tex.
App.--Austin 1995, writ denied). The test is not whether the agency made the correct conclusion,
but whether some reasonable basis exists in the record for the agency's action. See Texas Health
Facilities v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984). We may not
substitute our judgment for that of the agency and may consider only the record on which the
agency based its decision. See Sizemore, 759 S.W.2d at 116. Furthermore, the reviewing court
is prohibited from substituting its judgment as to the weight of the evidence of questions
committed to agency discretion. See Charter Medical-Dallas, Inc., 665 S.W.2d at 452.

 The agency's findings, inferences and conclusions are presumed to be supported
by substantial evidence, and the appealing party bears the burden of showing a lack of substantial
evidence. See id. at 453. The appealing party cannot meet this burden merely by showing that
the evidence preponderates against the decision. See id. at 452. If substantial evidence would
support either affirmative or negative findings, the reviewing court must uphold the order,
resolving any conflicts in favor of the agency's decision. See id. at 453.

 Appellants argue that the Commissioner's decision is supported by substantial
evidence because the articles in the Boletin and the local newspaper put the teachers on notice that
their local supplement had been reduced no later than August 7; therefore, their October 5
grievance to the Board was not timely. The District submitted into evidence the affidavits of the
principals of La Joya middle school and La Joya high school. Both principals state in their
affidavits that a member of their respective staffs retrieved the copies of the August Boletin, placed
in the principals' mailboxes at the District's Central Administration Building, and distributed a
copy to each teachers' mailbox. Appellants make much of the fact that the Federation presented
no evidence to the Commissioner denying that its members had received the Boletin in their
mailboxes, and contend that it was reasonable for the Commissioner to determine that the teachers
received notice of the salary schedule deposited in their mailboxes at their place of employment.

 Assuming that the teachers did receive and read the Boletin, it is reasonable to
believe that a Boletin article entitled "Teachers to See Pay Increase" made the teachers aware that
their salaries had been increased. However, there is no reasonable basis in the record for the
Commissioner's determination that the Boletin also made the teachers aware that the local
supplement had been reduced. In the first two paragraphs, the article explains that the Board
approved a new salary schedule that would result in an increase from $1,290 to $1,650 over the
1994-1995 salaries. In the next paragraph, the article explains that the changes were a result of
an increase in the state minimum salary schedule. The District personnel director is quoted in that
paragraph as saying, "We feel the salary scale will continue to keep us competitive in recruitment
and the retention of teachers in our district." Next to the article, a chart titled, "Teacher Salary
Schedule" shows the 1995-1996 gross salary for a teacher, depending on his or her years of
experience or pay step. There is only one salary figure; the state minimum salary is not shown
separately so that a teacher could discern the amount of the local supplement by looking at the
chart. The newspaper article merely repeats, nearly verbatim, the Boletin article.

 Appellants argue that the affidavit of the middle school principal, which states that
after the Boletin was distributed to the teachers, the fact that the Board had decided to lower the
supplement was a topic of much discussion among the teachers, supports its contention that the
Boletin made the teachers aware that the local supplement had been reduced. The affidavit does
not give a specific time frame for the teachers' discussions; it merely states that the discussions
occurred after the Boletin was distributed. It does not constitute substantial evidence to support
the Commissioner's decision.

 The Commissioner also stated in his order that the teachers were charged with
notice of the public acts of governmental bodies, therefore, the teachers had constructive notice
regarding the new salary schedule after the Board adopted the salary increase. On appeal, the
Commissioner does not urge that public employees are charged with notice of the public acts of
governmental bodies but argues instead that, as a labor organization, the Federation should have
known about the Board actions taken August 2. We dispose of this argument by noting that the
minutes from the August 2 Board meeting merely state that one Board member "moved to approve
Option B - Approximately $25,857,384 for the Teacher Salary Schedule for 1995-1996" and that
the motion was seconded and carried unanimously. The Board's approval of a budget item did
not give the teachers notice that the local supplement they received during the 1994-1995 school
year was going to be reduced for the 1995-1996 school year.

 Accordingly, we hold that the Commissioner's order finding that the Federation
failed to timely present its grievance to the Board is not supported by substantial evidence. Our
holding on issue one is dispositive; therefore, we need not address the other issues raised by
appellants.


CONCLUSION

 The district court judgment is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: May 27, 1999

Do Not Publish

1. We will refer to the appealing parties collectively as appellants.
2. The Texas Education Code requires a school district to pay each classroom teacher a
minimum monthly salary and currently provides an equation to calculate the salary. See Tex.
Educ. Code Ann. § 21.402 (West 1996 & Supp. 1999). Before the current method of calculating
the minimum monthly payment, the Education Code listed the actual amount a teacher should be
paid. During the 1995 Legislative session, the Texas Legislature increased the monthly amount,
and made that amount effective from May 30, 1995, through September 1, 1996. See Act of May
27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2278 (Tex. Educ. Code
Ann. § 21.4011, expired).
3. During the 1994-1995 school year, the District paid its teachers a local salary supplement
above the state minimum salary. The local supplement ranged from $6,000 to $6,300.
4. The parties do not define the acronym "DGBA." For convenience, the DGBA (LOCAL)
will be referred to as "District policy."
5. Act of May 31, 1969, 61st Leg., R.S., ch. 889, § 1, 1969 Tex. Gen. Laws. 2736, 2757
(Tex. Educ. Code Ann. § 11.13, repealed and recodified at Tex. Educ. Code Ann. § 7.057 (West
1996)). We will refer to the repealed statute as "former Tex. Educ. Code Ann. § 11.13."


e teachers aware that the local
supplement had been reduced. In the first two paragraphs, the article explains that the Board
approved a new salary schedule that would result in an increase from $1,290 to $1,650 over the
1994-1995 salaries. In the next paragraph, the article explains that the changes were a result of
an increase in the state minimum salary schedule. The District personnel director is quoted in that
paragraph as saying, "We feel the salary scale will continue to keep us competitive in recruitment
and the retention of teachers in our district." Next to the article, a chart titled, "Teacher Salary
Schedule" shows the 1995-1996 gross salary for a teacher, depending on his or her years of
experience or pay step. There is only one salary figure; the state minimum salary is not shown
separately so that a teacher could discern the amount of the local supplement by looking at the
chart. The newspaper article merely repeats, nearly verbatim, the Boletin article.

 Appellants argue that the affidavit of the middle school principal, which states that
after the Boletin was distributed to the teachers, the fact that the Board had decided to lower the
supplement was a topic of much discussion among the teachers, supports its contention that the
Boletin made the teachers aware that the local supplement had been reduced. The affidavit does
not give a specific time frame for the teachers' discussions; it merely states that the discussions
occurred after the Boletin was distributed. It does not constitute substantial evidence to support
the Commissioner's decision.

 The Commissioner also stated in his order that the teachers were charged with
notice of the public acts of governmental bodies, therefore, the teachers had constructive notice
regarding the new salary schedule after the Board adopted the salary increase. On appeal, the
Commissioner does not urge that public employees are charged with notice of the public acts of
governmental bodies but argues instead that, as a labor organization, the Federation should have
known about the Board actions taken August 2. We dispose of this argument by noting that the
minutes from the August 2 Board meeting merely state that one Board member "moved to approve
Option B - Approximately $25,857,384 for the Teacher Salary Schedule for 1995-1996" and that
the motion was seconded and carried unanimously. The Board's approval of a budget item did
not give the teachers notice that the local supplement they received during the 1994-1995 school
year was going to be reduced for the 1995-1996 school year.

 Accordingly, we hold that the Commissioner's order finding that the Federation
failed to timely present its grievance to the Board is not supported by substantial evidence. Our
holding on issue one is dispositive; therefore, we need not address the other issues raised by
appellants.


CONCLUSION

 The district court judgment is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: May 27, 1999

Do Not Publish

1.