**TEXAS HEALTH FACILITIES COMMISSION, et al, Petitioners,**

**v.**

**PRESBYTERIAN HOSPITAL NORTH, et al, Respondents.**

**No. C–2805.**

Supreme Court of Texas.

May 29, 1985.

Jim Mattox, Atty. Gen., Steven L. Martin, Asst. Atty. Gen., Heath, Davis and McCalla, Dudley D. McCalla, Davis and Davis, Alexis J. Fuller, Jr. and Peter R. Meeker, Austin, for petitioners.

William D. Darling, Austin, Winstead, McGuire, Sechrest and Minick, W. Mike Baggett and David A. Dean, Dallas, for respondents.

GONZALEZ, Justice.

At issue in this appeal is an order of the Texas Health Facilities Commission. The Commission denied a certificate of need to respondents, Presbyterian Hospital North and Presbyterian Medical Center of Dallas. The Commission's action was upheld by the district court. The court of appeals reversed and remanded the cause to the district court with instructions to remand to the Commission for further proceedings. 664 S.W.2d 391. We affirm the judgment of the court of appeals only insofar as it remands the cause to the district court with

instructions to remand it to the Commission.

Presbyterian Hospital and five other applicants filed applications with the Commission seeking authority to build and operate hospitals in an area encompassing parts of Dallas, Denton and Collin Counties. The Commission consolidated the applications and, after a contested hearing, denied Presbyterian Hospital's application and granted certificates of need to each of the other applicants.

The Commission is directed by statute to file written findings of fact and conclusions of law when it issues an order that is adverse to an applicant. In addition, if the agency's fact findings merely reiterate statutory language, then they "must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Texas Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b). The issue presented for our determination concerns the correct form and content of underlying fact findings made by the Commission in support of its order.

By its order, the Commission expressly adopted as findings of fact the contents of a report submitted by its hearing officer. This report recites in statement form the evidence adduced at the hearing. Presbyterian Hospital challenges the adequacy of the Commission's fact findings on the basis that they constitute no more than recitals of the testimony adduced at the hearing. Indeed, many of these purported "findings of fact" were submitted not as the views of the Commission, but as the words of witnesses who testified at the hearing. In reversing the holdings of both the Commission and the trial court, the court of appeals held that Presbyterian Hospital's position was consistent with its holding in *Charter Medical-Dallas, Inc. v. Texas Health Facilities Commission*, 656 S.W.2d 928 (Tex.App.—Austin 1983). After the court of appeals issued its opinion in the present case, its judgment in *Charter Medical* was reversed by this court. *Texas Health Facilities Commission v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446 (Tex. 1984). We granted Commission's application for writ of error because: (1) the court of appeals expressly relied on its own *Charter Medical* opinion in deciding the present case; and (2) the court of appeals misstated the standard of review applicable to this case.

The requirements for acceptable form and content of underlying findings of fact were set out by this court in *Charter Medical:*

> Proper underlying (basic) findings of fact should ... be clear, specific, non-conclusory, and supportive of the ultimate statutory finding. *Mere recitals of testimony or references to or summations of the evidence are improper. Such findings should be stated as the agency's findings.* The findings should relate to material basic facts and should relate to the ultimate statutory findings that they accompany. In general, the findings of fact required by APTRA § 16(b) should be sufficient to serve the overall purposes evident in the legislative requirement that they be made.

(Emphasis added.) 665 S.W.2d 446, 452.

This court applied the aforementioned guidelines to the facts of *Charter Medical* and determined that many of the findings were fatally defective because "they were no more than recitals of evidence." The Commission's original ruling was nonetheless upheld because sufficient competent fact findings remained to support the Commission's conclusions even after the defective findings were rejected.

In *Charter Medical* we explained in detail what findings of fact and conclusions of law the Commission must make in granting or denying a certificate of need. *Charter Medical* 665 S.W.2d at 499–50. In the present case, the Commission determined that Presbyterian Hospital's proposed health facility failed to meet three of six criteria established by the Commission pursuant to its statute (Health Planning and Development Act, Tex.Rev.Civ.Stat.Ann. art. 4418h, §§ 1.01–6.04), and applied to this case. Accordingly, the Commission

made negative ultimate findings with regard to Presbyterian Hospital under the three criteria.

Specifically, in denying Presbyterian Hospital a certificate of need, the Commission found as ultimate facts (1) that the proposed project was not necessary to meet the health care requirements of the medical service area; (2) that the medical service area for the proposed project did not contain sufficient current and future population to require the project; and (3) that the proposed project was not less costly, more effective or more appropriate than other facilities or services which were available or which had been approved to be developed. The Commission then set out 178 underlying findings of fact in support of these three negative ultimate findings. Nearly half of these underlying fact findings are, like those rejected in *Charter Medical*, defective because they are mere recitals of evidence. Discarding these defective fact findings, we are still confronted with the question of whether the remaining underlying fact findings support the Commission's ultimate statutory findings.

The first 91 fact findings (underlying the first negative ultimate finding of fact) set out statistical information relevant to all the applicants. Of these fact findings, 12 are recitals of evidence. The remaining valid fact findings do not support the Commission's ultimate finding that Presbyterian Hospital's project was not necessary to meet the health care requirements of the medical service area. Other valid findings of fact underlying the first negative ultimate finding are as follows:

(92) Presbyterian Hospital North (hereinafter referred to as "PHN") seeks a Certificate of Need to construct a 96–bed, 98,775 square foot acute care medical/surgical general hospital.

(134) The area Mr. Ashworth defined as PHN's primary service area is generally North Dallas County, Southeast Denton, and Southwest Collin County which includes portions of the cities of Dallas, Plano, Addison, Carrollton, Farmers Branch, and Hebron.

(135) Dr. Warner did not prepare the service area Mr. Ashworth defined nor did he select census tracts which have been identified in the application as the proposed medical service area for the application.

(138) If all Applicants were granted their licensed bed increases as proposed before the Commission, in the North Dallas area the forecast occupancy rate in 1984 for the northwest area as defined by Mr. Short would be 51.1%.

(139) If all Applicants were granted their proposed licensed hospital bed increases as presented before the Commission at this time, the forecast occupancy rate in 1984 for acute care beds in the north central area of Dallas, Texas, as defined by Mr. Short would be 66.1%.

(140) If all applicants were granted their requests for licensed acute care beds in the Northwest sector of Dallas and South portions of Collin and Denton counties, the forecast occupancy for 1984 would be 51.2%.

The valid remaining fact findings underlying the second negative ultimate finding are as follows:

(22) Medical City Dallas Hospital currently serves the area Mr. Ashworth defines as PHD's medical service area.

(23) If approved, Medical City would add 116 medical/surgical beds to the bed complement serving this area.

(24) Brookhaven Medical Center and Richardson Medical Center currently serve the area Mr. Ashworth defines as PHN's medical service area.

(25) If Brookhaven and Richardson further evidence economic feasibility and if both are approved, 123 medical/surgical beds, beyond Medical City's 116, would be added to the bed complement serving this area.

Finally, the remaining fact findings underlying the third negative ultimate finding are as follows:

(4) The proposed project is not necessary to meet the health care requirements of the Community or population to be served because of those Findings of Fact set out above under Community Health Care Requirements.

(5) Since the project is not necessary, not building the project is less costly, more effective and more appropriate than building the project.

(6) The proposed project is more costly, less effective and less appropriate than not building the project.

We cannot "fairly and reasonably" say that these remaining underlying fact findings support the Commission's conclusions on the ultimate or statutory criteria. *See Charter Medical*, 665 S.W.2d at 452. For example, some of these underlying fact findings are not supportive of the ultimate fact findings; others are conclusory. Therefore, we hold that the Commission's fact findings do not satisfy the requirements of section 16(b) of the APTRA. Because we hold that the underlying fact findings violate section 16(b) of the APTRA, the Commission's order denying Presbyterian Hospital's certificate of need cannot stand. It is thus unnecessary for this court to address Presbyterian Hospital's remaining points of error.

The judgment of the court of appeals is affirmed insofar as it remands this cause to the district court with instructions to remand it to the Commission. However, the Commission shall conduct its proceedings in a manner consistent with this opinion.