**CITIES OF ABILENE et al., Petitioners,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS et al., Respondents.**

No. D–4044.

Supreme Court of Texas.

July 21, 1995.

Rehearing Overruled Oct. 27, 1995.

Barbara Day, Susan C. Gentz, Jesus Sifuentes, Walter Washington, Austin, Luis A. Wilmot, San Antonio, for petitioners.

R.S. Davis, II, Thomas C. Pelto, Brook Bennett Brown, Austin, John Andrew Martin, Dallas, Stephen R. Butler, Rosenberg, William G. Mundy, Irving, Anthony Gillman, Austin, John F. Bell, Jr., Fort Worth, Neal R. Larsen, Steven Baron, Norma K. Scogin, Robert J. Hearon, Jr., Edward L. Eckhart, G. Michael Bauer, Selden Anne Wallace, Robin A. Melvin, W. Scott McCollough, Austin, Don R. Richards, Lubbock, Jim Boyle, Austin, for respondents.

PER CURIAM.

This is an administrative appeal from a final order of the Texas Public Utility Commission (PUC) involving Southwestern Bell Telephone Company (Bell) and others. In 1989, the PUC initiated an inquiry into the reasonableness of Bell's existing rates pursuant to section 42 of the Public Utility Regulatory Act (PURA).[1] In 1990, the PUC ordered Bell to reduce its rates to decrease its annual revenue by approximately $73 million. When the PUC determined Bell's reasonable and necessary operating expenses, it considered, among other things, Bell's federal income tax liability. In calculating Bell's federal income tax liability, the PUC did not include the income tax deductions actually taken by Bell for expenses disallowed by section 41(c)(3) of PURA. The Office of Public Utility Counsel, the City of McKinney and numerous other cities sought judicial review of the PUC's order. The trial court affirmed. The court of appeals affirmed in part and reversed in part, holding that the PUC erroneously calculated Bell's federal in-

1. Tex.Rev.Civ.Stat. art. 1446c, § 42.

come tax liability in estimating its operating expenses when it did not include the income tax deductions actually taken by Bell for expenses disallowed by section 41(c)(3). 854 S.W.2d 932.

In *Public Util. Comm'n v. GTE Southwest Inc.,* 901 S.W.2d 401 (Tex.1995), this court held that when calculating GTE's federal income tax liability for the purpose of determining GTE's reasonable and necessary operating expenses, the PUC was not required to include the income tax deductions actually taken by GTE for expenses disallowed by section 41(c)(3) of PURA. Consequently, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the applications for writ of error and, without hearing oral argument, reverses that portion of the court of appeals' judgment concerning the calculation of Bell's federal income tax liability which did not include the income tax deductions actually taken by Bell for expenses disallowed by section 41(c)(3). The remainder of the court of appeals' judgment is affirmed.