ACCEPTED
15-24-00014-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/20/2025 4:16 PM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/20/2025 4:16:48 PM
CHRISTOPHER A. PRINE
Clerk

**Ron Beal**
**Professor Emeritus & Attorney at Law**
**2530 Wooddale Circle**
**Waco, TX 76710**
**(254)-366-4198**
ron_beal@baylor.edu

15th Court of Appeals                                     March 20, 2025
P.O. Box 12852
Austin, TX 78711

                    Re:    TCEQ v. Harrison Cty.
                           **Case No: 15-24-00014-CV**
                           Amicus Brief

Dear Honorable Justices of the 15th Court of Appeals:

I have received no compensation for the preparation, writing and filing of this amicus brief.

I write to this Court as a colleague, but the two issues involved in this case are critical for the effectiveness and fairness of the contested case process.

It is my understanding that the Legislature created this Court to be the true experts in governmental litigation, of which a large part encompasses administrative law appeals from agency rulemaking and agency contested case decisions.

I truly hope that will be true, but in its early stages, this Court has demonstrated a disturbing proclivity to treat procedural requirements of the APA and the agency compliance therewith as irrelevant and not reversible error if this Court believes the agency got the substantive issues correct. That is, after this Court plows through the record to figure it out. BUT THAT IS WRONG! This Court should never write a final order for the agency.

As the Supreme Court held affirmatively during the 1980s and 1990s, it was critical and reversible error for an agency to fail to fulfill the APA requirements of

*Section* 2001.141 that guaranteed in writing the exact applicable law, its meaning, and its application to the exact facts that supported the agency's decision so that all would clearly understand the analysis and results **of the agency** after the contested case hearing, *Tex. Health Fac. Comm. v. Presbyterian Hospital,* 690 S.W.2d 564, 565-66 (Tex. 1985). And it was reversible error if the agency got sloppy and lazy and merely set forth broad conclusions without support.

Literally, in this 21st Century, all agency compliance went to hell, and the courts have simply put up with it. Even SOAH refuses to write a PFD in compliance with *Section* 2001.141. But it is not just for this Court's benefit, the citizen is entitled to a full adversary hearing AND most importantly, to know exactly how the agency analyzed it by (1) the law applied and its meaning set forth independently of the facts, (2) the facts found by a preponderance of the evidence, and (3) the direct application of the law to the underlying specific facts that support the ultimate findings. That is simple, direct, clear, concise, understandable and fair to citizens and what they legally deserve.

The 20th Century Supreme Court held it was mandatory and if not completed, the merits would not even be considered.

**This TCEQ order is deplorable, nonsensical and devoid of an application of law to facts.** Does this Court not care? Sending a signal that defective orders are tolerated by the Court? That the APA is not mandatory? Fairness and logic are irrelevant? Our expert Court will not require professional behavior? So sad.

This leads to what I truly cannot understand. Last time I heard, the Supreme Court has the final word on a pure issue of law, like what is the meaning of the undefined phrase "substantial evidence." Yet in this decision and at least one other, this Court wholly ignores the Supreme Court opinions which are not only inconsistent with the APA but a truly significant number of past cases that have never been overruled.

**Is this Court defying the Supreme Court holdings? Is this Court afraid not only to point out it exists but it is wrong, and so this Court will not have to follow it? I call that "blinders" opinion writing; what you don't acknowledge, you do not have to discuss it and/or obey it.**

It is time to say, what the holy heck is going on? A scintilla of evidence is simply deminimus. It renders the preponderance of the evidence standard to be a nullity for if the agency can find enough evidence to be more than a scintilla, but never preponderance, it no longer matters if all a Court needs to see is more than a scintilla. Why hold a contested case hearing for an agency will always have more than a scintilla if they are acting in good faith.

Please do not allow contested cases to become a fashion show.

You will be pleased to know this is my last filed amicus before the 15th Court. Three cases came from the third and I followed them. Now that they are over with Nate on your staff, I will forever retire but not stop caring about our State having a high-quality administrative system.

I have seen that **strict adherence to procedure guarantees that fact.**

Sincerely,

/s/ Ron Beal
Ron Beal
Professor Emeritus of Law
Bar No. 24005041
2530 Wooddale Circle
Waco, TX 76710
(254) 366-4198
ron_beal@baylor.edu

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word and contains 822 words, as determined by the computer's software's word count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on March 20, 2025, by e-file and/or electronic mail in accordance with the Texas Rules of Civil Procedure to the following:


**Appellant TCEQ**

Jake Marx
J. Amber Ahmed
Office of the Attorney General
P.O. Box 12548, (MC-066)
Austin, TX 78711-2548


 **Cross Appellant/Appellee: Volvo Cars**

James P. Allison
1301 Nueces Street, Suite 201
Austin, TX 78701


/s/ Ron Beal

Ron Beal
Bar No. 24005041

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 98709038
Filing Code Description: Letter
Filing Description: Letter
Status as of 3/20/2025 4:20 PM CST

Associated Case Party: Harrison County

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James P. Allison | | j.allison@allison-bass.com | 3/20/2025 4:16:48 PM | SENT |
| Legal Secretary | | allison.bass@allison-bass.com | 3/20/2025 4:16:48 PM | SENT |
| Julia McVey | | j.mcvey@allison-bass.com | 3/20/2025 4:16:48 PM | SENT |
| Susana Naranjo-Padron | | s.naranjo-padron@allison-bass.com | 3/20/2025 4:16:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| irene tong | | irene.tong@oag.texas.gov | 3/20/2025 4:16:48 PM | SENT |
| Jake Marx | | jake.marx@oag.texas.gov | 3/20/2025 4:16:48 PM | SENT |
| Shelby Thompson | | shelby.thompson@oag.texas.gov | 3/20/2025 4:16:48 PM | SENT |
| James ScottMcCarley | | scott.mccarley@oag.texas.gov | 3/20/2025 4:16:48 PM | SENT |